Filed 6/30/2014

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICHARD JUDE SMITH,<br><br>    Defendant and Appellant. | A139403<br><br>(Sonoma County<br>Super. Ct. No. MCR249927) |

**INTRODUCTION**

Defendant appeals from a post-judgment order of the Sonoma County Superior Court refusing to dismiss defendant's four convictions for various sex offenses following his successful completion of probation.  (Pen. Code, §§ 1203.4; 1237, subd. (b).)[1]  This appeal raises three questions: (1) does section 1203.4, subdivision (b) prohibit dismissal of convictions for violations of sections 288a, subdivision (b)(2) and 289, subdivision (i); (2) is the 2000 amendment to subdivision (b) of section 1203.4, prohibiting dismissal of convictions for felony violations of section 261.5, subdivision (d), retroactive, or have a retrospective effect, that impairs a substantive vested right to dismissal which had already accrued upon successful completion of probation in 1999; and (3) is defendant entitled to dismissal of his conviction for violating section 288, subdivision (c) on the theory that section 1203.4 relief was an implicit term of his plea bargain, which must be honored, despite the 1997 amendment to subdivision (b) of section 1203.4 prohibiting dismissal of section 288 convictions?  We find section 1203.4, subdivision (b) does not prohibit dismissal of defendant's convictions for violating sections 288a, subdivision (b)(2) and

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

289, subdivision (i), and we reverse and remand for further proceedings on those convictions. We decline to reach defendant's second contention and reject his third. Therefore, the order denying relief under section 1203.4 as to defendant's two remaining convictions is affirmed.

## PROCEDURAL HISTORY

### I. *The Charges*

In 1995, defendant Richard Jude Smith was charged by complaint with fourteen sex offenses: three counts of lewd and lascivious acts upon a child of 14 or 15 by a person at least 10 years older (§ 288, subd. (c)); five counts of oral copulation with a person under the age of 16 by a person over the age of 21 (§ 288a, subd. (b)(2)); four counts of sexual penetration of a person under age 16 by a person over age 21 (§ 289, subd. (i)); and two counts of sexual intercourse between a person under the age of 16 and over the age of 21 (§ 261.5, subd. (d)). Defendant was 34 years old at the time of the offenses; the victim was 14 years old.

### II. *The Plea Agreement*

Pursuant to a negotiated disposition between defendant and the district attorney, defendant pleaded no contest to four counts of the complaint: (1) count three, a lewd act upon a child over the age of 14 by a person at least 10 years older (§ 288, subd. (c)); (2) count four, oral copulation of a person under the age of 16 by a person over the age of 21 (§ 288a, subd. (b)(2)); (3) count nine, sexual penetration of a person under the age of 16 by a person over the age of 21 (§ 289, subd. (i)); and (4) count thirteen, sexual intercourse between a person under the age of 16 and a person over the age of 21, a felony (§ 261.5, subd. (d)). In exchange for defendant's pleas, the People promised to move the court for dismissal of the remaining charges at the time of sentencing. "Beyond that, the People [make] no promises or representations to the defendant regarding his ultimate sentence in this case." Nevertheless, it was the People's "understanding the Court did indicate . . .

2

[it] would certainly consider probation or CDC suspended in this matter, of course, once the Court sees a written report from the Probation Department, et cetera."

## III. *The Indicated Sentence*

In response to the Court's inquiry whether that was defense counsel's understanding, defendant's attorney stated: "I've told my client, Mr. Smith, that the Court has made an indicated sentence which would include a grant of probation up to one year in the County Jail, sentence suspended; that even though it is not a commitment under 1192.5, it's a three-way contract between yourself [the court] and the District Attorney and myself, or representing him, that is an indicated sentence. Unless there was evidence that was in addition to what's already been disclosed to the Court, that he would, in fact . . . be given probation." The maximum state prison sentence for those four convictions was six years.

The court confirmed defense counsel's statement, adding: "I state that based on what I know of the case and, also, earlier indications of [the prosecutor] as to the . . . degree or amount of severity on the case, I recall he made a certain indication to me, which I considered as well."

During the district attorney's voir dire prior to defendant's pleas, defendant was asked if he understood: (1) the person who would decide his ultimate sentence was the judge; (2) the judge had not yet made a final decision as to his ultimate sentence; (3) the judge would not make a final decision as to his ultimate sentence until he had read and considered the probation report and any documents supplied to the judge by the district attorney's office or his attorney; (4) the People made absolutely no promises or representations, agreements or contracts with defendant regarding his ultimate sentence; (5) there was some likelihood at the time of sentencing the People might argue to the court for a prison commitment in this case; (6) the court had indicated it would seriously consider putting defendant on probation with a prison commitment suspended, based on what the court knew about the case at that time; (7) the court's indication was not binding

3

on the court; (8) the court's indication was in no way binding on the district attorney's office; and (9) the court might sentence defendant to something less or something more than the indicated sentence, and nothing the court did would be a basis for defendant to withdraw his plea. Defendant said he understood.

## VI. *The Sentencing Hearing*

On July 13, 1995, defendant was sentenced to state prison for three years; however, execution of that sentence was suspended, and defendant was placed on formal probation for 48 months with various terms and conditions. The remaining charges in the complaint were dismissed as promised.

## V. *Post-Sentence Events*

Defendant's probationary term expired successfully on July 13, 1999.

In February 2013, defendant brought a motion to dismiss pre-1997 sex offenses under section 1203.4. The People opposed the motion. Following a hearing on May 2, 2013, the motion was denied. A motion to reconsider the court's ruling was also denied June 26, 2013. A timely appeal from the denial of the motion to reconsider was taken.

## DISCUSSION

Defendant was convicted of violating four statutes – sections 288, subdivision (c), 288a, subdivision (b)(2), 289, subdivision (i), and 261.5, subdivision (d). Following his successful completion of probation, he sought dismissal of all four convictions under section 1203.4. That statute provides, as relevant here, that in any case "in which a defendant has fulfilled the conditions of probation for the entire period of probation," at any time after probation has terminated, the defendant "shall" be permitted by the court to withdraw his plea of guilty or no contest and enter a plea of not guilty, whereupon the court "shall" dismiss the accusations or information against the defendant, "except as noted below."[2] The exceptions are important here, for in 1997 – while defendant was

---

[2] Section 1203.4 provides more fully: "(a)(1) In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been

4

still on probation – section 1203.4 was amended to prohibit the dismissal of convictions for violation of section 288. (Stats. 1997, ch. 61, § 1.) That amendment has been held to apply retroactively to those persons convicted and sentenced prior to January 1998, the effective date of the statute. (*People v. Ansell* (2001) 25 Cal.4th 868, 880-893.) Subsequently, in 2000 – after defendant had successfully completed his probationary term – the Legislature amended section 1203.4 to prohibit dismissal of convictions for felony violations of section 261.5, subdivision (d). (Stats. 2000, ch. 226, § 1.) The retroactivity of that amendment has not been judicially determined. Convictions under

discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted, except as provided in Section 13555 of the Vehicle Code. The probationer shall be informed, in his or her probation papers, of this right and privilege and his or her right, if any, to petition for a certificate of rehabilitation and pardon. The probationer may make the application and change of plea in person or by attorney, or by the probation officer authorized in writing. However, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed. The order shall state, and the probationer shall be informed, that the order does not relieve him or her of the obligation to disclose the conviction in response to any direct question contained in any questionnaire or application for public office, for licensure by any state or local agency, or for contracting with the California State Lottery Commission. [¶] (2) . . . [¶] (3) . . . [¶] (4) . . . [¶] (b) Subdivision (a) of this section does not apply to any misdemeanor that is within the provisions of Section 42002.1 of the Vehicle Code, to any violation of subdivision (c) of Section 286, *Section 288, subdivision (c) of Section 288a*, Section 288.5, subdivision (j) of Section 289, Section 311.1, 311.2, 311.3, or 311.11, *or any felony conviction pursuant to subdivision (d) of Section 261.5*, or to any infraction. (§ 1203.4, italics added.)

5

section 289, subdivision (i) and section 288a, subdivision (b)(2) were not excluded under those amendments, or any other. Therefore, section 1203.4 continues to permit dismissal of such convictions.

**A.** ***The Trial Court Erroneously Denied the Motion as to Defendant's Convictions for Violation of Sections 288a, subdivision (b)(2) and 289, subdivision (i).***

"[A] defendant moving under Penal Code section 1203.4 is entitled *as a matter of right* to its benefits upon a showing that he 'has fulfilled the conditions of probation for the entire period of probation.' It was apparently intended that when a defendant has satisfied the terms of probation, the trial court should have no discretion but to carry out its part of the bargain with the defendant. [Citation.] 'The expunging of the record of conviction is, in essence, a form of legislatively authorized certification of complete rehabilitation based on a prescribed showing of exemplary conduct during the entire period of probation.' " (*People v. Chandler* (1988) 203 Cal.App.3d 782, 788-789 (italics added), citing *People v. Johnson* (1955) 134 Cal.App.2d 140, 144, *People v. Turner* (1961) 193 Cal.App.2d 243, 247; see also *Stephens v. Toomey* (1959) 51 Cal.2d 864, 875.)

The Attorney General argues defendant is not entitled to have his convictions in count four (§ 288a, subd. (b)(2)) and count nine (§ 289, subd. (i)) dismissed under section 1203.4 because he has not furnished this court with an appellate record affirmatively disclosing error; he did not cite *People v. Mgebrov* (2008) 166 Cal.App.4th 579, 586 to the trial court "or demand specific relief as to counts 4 and 9." We disagree.

We begin our analysis by observing that trial counsel's memorandum of points and authorities on defendant's behalf is no model of clarity or advocacy. It asserts *incorrectly* that defendant's "conviction for California Penal Code section[s] 261.5(D), 288 (C), 288A(B)(2), and 289(I) occurred on July 13, 1995 . . . [and] pre-dates the 1997 statutory amendment to section 1203.4, which excluded violation of certain sex offenses, including Mr. Smith's violation of sections 261.5(D), 288(C), 288A(B)(2), and 289(I)."

In fact, the 1997 amendment did no such thing. The 1997 amendment excluded from the protection of section 1203.4 only those sex offenses that violated section 286, subdivision (c) [sodomy of a victim under age 14 or by force, fear, or retaliatory threat], section 288 [lewd acts upon a victim under age 14, or age 14 or 15, by a person at least 10 years older], section 288a, *subdivision (c)* [oral copulation of a victim under age 14 or by force, fear, or retaliatory threat], section 288.5 [continuous sexual abuse of a victim under age 14], and Section 289, *subdivision (j)* [sexual penetration of a victim under age 14] . . . ." (§ 1203.4, subd. (b), as amended by Stats. 1997, ch. 61, § 1.) Therefore, the 1997 amendment did not disqualify defendant from securing dismissal of his convictions for violations of section 288a, *subdivision (b)(2)* or section 289, *subdivision (i)*, or 261.5, subdivision (d). However, following the *2000* amendment to section 1203.4, defendant was also disqualified from seeking dismissal of a *felony* conviction under section 261.5, subdivision (d) – although a misdemeanor violation of that section remains eligible for relief under section 1203.4. (Stats. 2000, ch. 226, § 1, eff. Aug. 23, 2000.) But *no* amendment disqualifies defendant from seeking dismissal of his convictions for violations of sections 288a, subdivision (b)(2) and 289, subdivision (i).

Despite this error, the memorandum quoted from section 1203.4, argued the word "shall" in that section is mandatory, and further argued that where the defendant has fulfilled the conditions of probation for the entire period, he "is entitled as a matter of right to have the plea or verdict of guilty changed to one of not guilty, to have the proceedings expunged from the record, and to have the accusations dismissed," citing *People v. Johnson, supra*, 134 Cal.App.2d 140, *People v. Covington* (2000) 82 Cal.App.4th 1263, *Stephens v. Toomey, supra*, 51 Cal.2d 864, *People v. Chandler, supra*, 203 Cal.App.3d 782, and *People v. Hawley* (1991) 228 Cal.App.3d 247, 249-250. To be sure, the memorandum also argued defendant had bargained for probation, the plea bargain included an implied promise of relief under section 1203.4, and the implied promise prevailed over the later statutory amendment, citing *People v. Arata* (2007) 151

7

Cal.App.4th 778, 787 (*Arata*). In our view, however, the memorandum as a whole focused on the language of the statute, making it incumbent on the court, at a minimum, to read section 1203.4 for itself. We note the People's opposition memorandum in the trial court listed all four of defendant's convictions but only argued "section 1203.4(b) . . . prohibits expungement as to defendant's Penal Code section 288(c) and Penal Code section 261.5(d) convictions." The People's memorandum is conspicuously silent about the other two convictions, and nowhere in the memorandum or at the hearings on the motion did the prosecutor rely on the discredited argument, rejected in *People v. Mgebrov, supra,* 166 Cal.App.4th 579, that section 1203.4 applies only to charging instruments as a whole and not to discrete accusations. We conclude the motion for expungement was sufficient to apprise the court it should evaluate each of defendant's four convictions individually under section 1203.4. The appellate record and a plain reading of the statute and its amendments disclose the trial court erred in denying defendant relief under section 1203.4 as to his convictions for violations of section 288a, subdivision (b)(2) and 289, subdivision (i).

**B.** ***We Decline to Consider Defendant's Constitutional Vested Rights Theory For Relief From His Conviction For Violating Section 261.5, Subdivision (D) Because It Was Not Presented to the Trial Court.***

Defendant argues he also should have been granted relief as to his conviction in count 13 for a felony violation of section 261.5, subdivision (d) because he had fulfilled all the conditions of his probation, and his probationary period had terminated, well before section 1203.4 was amended in 2000 to preclude dismissal of convictions for such violation. He argues the 2000 amendment is not retroactive on its face, has not been judicially construed to apply retroactively, and cannot be constitutionally applied retroactively to him because to do so would impair a substantive vested right. (Cal. Const., art. I, § 7 [due process]; *In re Marriage of Buol* (1985) 39 Cal.3d 751, 756; *Yoshioka v. Superior Court* (1997) 58 Cal.App.4th 972, 981; *Immig. and Naturalization Service v. St. Cyr* (2001) 533 U.S. 289, 321 [retrospective application of prospective

8

federal statute barred].) "[R]etrospective application of a statute may be unconstitutional if it is an ex post facto law, if it deprives a person of a vested right without due process of law, or if it impairs the obligation of a contract." (*Doe v. Harris* (2013) 57 Cal.4th 64, 68, quoting from *In re Marriage of Buol, supra*, at p. 756.)

Initially, the Attorney General did not challenge defendant's argument on the merits. Instead, she argued defendant did not demand specific relief as to his conviction for a felony violation of section 261.5, subdivision (d), and never alerted the trial court to his alternative constitutional argument. We asked the parties to submit supplemental briefs on the merits of defendant's vested rights theory. After further consideration, we are constrained to agree with the Attorney General nothing in the motion, memoranda of points and authorities, or oral arguments below apprised the trial court of defendant's reliance on the constitutional vested right theory he raises here. It is true defendant's two memoranda of points and authorities discussed *Arata*; however, the vested rights theory was only obliquely mentioned in that opinion. (*People v. Arata, supra*, 151 Cal.App.4th 778, 783.) Clairvoyance is not required of our trial courts.

In response, defendant argues we may consider a new theory presented for the first time on appeal if it presents a question of law arising from undisputed facts. (*People v. Butler* (1980) 105 Cal.App.3d 585, 588; *Allied Fire Protection v. Diede Construction, Inc.* (2005) 127 Cal.App.4th 150, 154.) While this is true, we decline to do so here. Defendant's vested rights argument is multi-layered, requiring consideration of legislative intent and the constitutional and public policy ramifications of applying the 2000 amendment to new petitions seeking dismissal of convictions suffered before 2000, which the trial court never had the opportunity to consider, and on which we express no opinion. Defendant may renew his vested rights argument in the trial court, to which we must in any event remand the matter with respect to counts 4 and 9.

9

**C.** *The Trial Court Correctly Denied Relief As to Defendant's Conviction for Violating Section 288.*

As noted above, defendant was still on probation and had not yet fulfilled all requirements of section 1203.4 when section 1203.4 was amended in 1997 to prohibit dismissal of convictions for violations of section 288. Therefore, defendant's claim with respect to this conviction does not rely in any way on the theory that retrospective application of the 1997 amendment to him deprives him of a vested right. Defendant argues he is nevertheless entitled to dismissal of his conviction for violating section 288, subdivision (c) on the theory that section 1203.4 relief was an implicit term of his plea bargain, which must be honored. (*People v. Arata, supra,* 151 Cal.App.4th 778, 782; *People v. Acuna* (2000) 77 Cal.App.4th 1056 (*Acuna*); *Doe v. Harris, supra,* 57 Cal.4th at pp. 72-73 [discussing *Acuna* and *Arata*].) We disagree.

At the time defendant's motion was pending in the trial court, our Supreme Court had not yet decided the question presented to it by the Ninth Circuit Court of Appeals in *Doe v. Harris, supra*, 57 Cal.4th 64: " 'Under California law of contract interpretation as applicable to the interpretation of plea agreements, does the law in effect at the time of a plea agreement bind the parties or can the terms of a plea agreement be affected by changes in the law?' " (*Id.* at p. 66.) Our Supreme Court answered: "[T]he general rule in California is that the plea agreement will be ' "deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy . . . ." ' [Citation.] That the parties enter into a plea agreement thus does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them." (*Ibid.*)

The Court also considered the related question "whether, despite the general rule, the facts and circumstances of a particular plea agreement might give rise to an implicit promise that the defendant will be unaffected by a change in the law." (*Doe v. Harris, supra*, 57 Cal.4th at p. 71.) The Court allowed, "it is not impossible the parties to a particular plea bargain might affirmatively agree or implicitly understand the

10

consequences of a plea will remain fixed despite amendments to the relevant law." (*Ibid*.) Nevertheless, the Court concluded, "prosecutorial and judicial silence on the possibility the Legislature might amend a statutory consequence of a conviction should not ordinarily be interpreted to be an implied promise that the defendant will not be subject to the amended law." (*Ibid*.)

The Court in *Doe v. Harris, supra*, 57 Cal.4th 64 (*Doe*) examined *Acuna* and *Arata* in light of these principles. In *Acuna*, the defendant pleaded guilty to a violation of section 288 and was sentenced to probation. (*Acuna, supra,* 77 Cal.App.4th at p. 1058.) Before defendant successfully completed his probation, the Legislature amended section 1203.4 to make expungement unavailable to persons convicted of violating section 288. (*Id.* at p. 1059.) The appellate court rejected Acuna's claim the amended statute deprived him of the benefit of his plea bargain. (*Ibid*.) Noting no express provision in the plea bargain mentioned expungement, the Court of Appeal found expungement was not clearly part of the parties' understanding, and defendant received a substantial benefit from his plea bargain apart from expungement by avoiding prison. (*Id.* at p. 1062.) The Supreme Court found *Acuna's* holding "consistent with a rule that the absence of any discussion during plea negotiations of the possibility of changes to the law does not translate into an agreement the defendant will be unaffected by statutory amendments." (*Doe v. Harris, supra*, 57 Cal.4th at p. 72.)

Like the defendant in *Acuna*, the defendant in *Arata* pleaded guilty to a violation of section 288 with the understanding he would receive probation. (*Acuna,* supra, 151 Cal.App.4th at p. 781.) He successfully completed probation and subsequently sought expungement of his conviction on the basis of section 1203.4 as it existed at the time of his plea, arguing that denial of relief would violate his plea bargain. (*Id.* at pp. 781-782;

11

*Doe v. Harris*, *supra*, 57 Cal.4th at pp. 72-73.)[3]  The appellate court granted Arata's request for relief.  Recognizing plea bargains may contain implied terms, the *Arata* court reasoned: "Section 1203.4 relief is part of the bargain made with a probationer. [Citation.] By agreeing to give defendant probation, the plea bargain implicitly included the promise of section 1203.4 relief as part of probation." (*Arata,* at p. 787; *Doe*, at p. 73.)

The *Doe* Court observed:  "After considering the circumstances present there, the [*Arata*] court reasoned that the parties understood that the defendant's decision to plead guilty was motivated by a specific statutory benefit available only to persons sentenced to probation, and thus had implicitly agreed the defendant would receive that benefit. [Citation.]" (*Doe, supra*, 57 Cal.4th at p. 73.) The Court declined to "review the merits of the [*Arata*] court's reasoning" because the statute under review in *Doe*, section 290, did not distinguish between probationers and nonprobationers and thus could not have induced Doe's plea.  (*Ibid*.) Summing up, the Court concluded:  "[T]he rule in California is that a plea agreement's reference to a statutory consequence attending a conviction, even when coupled with prosecutorial and judicial silence on the possibility the Legislature might amend the statute, does not give rise to an implied promise that the defendant, by pleading guilty or nolo contendere, will be unaffected by a change in the law." (*Ibid*.)

*Doe* dictates our analysis here.  We start from the premise that, in the absence of constitutional restrictions, the general rule governs here (*Doe, supra*, 57 Cal.4th at p. 68), and that rule is plea agreements do not insulate the parties thereto "from changes in the law that the Legislature has intended to apply to them." (*Id*. at p. 65.)  The corollary to that rule also governs here:  "prosecutorial and judicial silence on the possibility the

---

[3] Like Acuna, Arata was still on probation when the Legislature amended section 1203.4 to prohibit expungement of section 288 convictions. (*Arata, supra*, 151 Cal.App.4th at pp. 781, 783.)

Legislature might amend a statutory consequence of a conviction should not ordinarily be interpreted to be an implied promise that the defendant will not be subject to the amended law." (*Id.* at p. 71.)

The process of plea negotiation " 'contemplates an agreement negotiated by the People and the defendant and approved by the court.' " (*People v. Segura* (2008) 44 Cal.4th 921, 930-931.)  In the case before us, the record is abundantly clear a grant of probation was not part of the prosecutor's bargain with defendant.  It was an indicated sentence by the court.  An indicated sentence is not a plea bargain, or a contract between the defendant and the court, or a "*promise* that the sentence will be imposed.  Rather, the court has merely disclosed to the parties at an early stage – and to the extent possible – what the court views, on the record then available, as the appropriate sentence so that each party may make an informed decision." (*People v. Clancey* (2013) 56 Cal.4th 562, 575.)  An indicated sentence falls "within the boundaries of the court's inherent sentencing powers and, in contrast to plea bargains, prosecutorial consent is not required." (*People v. Superior Court (Ramos)* (1991) 235 Cal.App.3d 1261, 1271.)  An indicated sentence may be withdrawn, if new facts brought out at the sentencing hearing show that the indicated sentence is not appropriate (*id.* at p. 1269), and the prosecutor retains the "inherent right to challenge the factual predicate and to argue that the court's intended sentence is wrong." (*People v. Superior Court (Felmann)* (1976) 59 Cal. App.3d 270, 276.)

Here, all of these attributes of an indicated sentence were brought to defendant's attention during the plea hearing, and he stated he understood them.  Section 1203.4 was not mentioned.  No mention was made about the possible effects of any future legislative amendments.  The record leaves no doubt the indicated sentence of probation, along with the dismissal of nine counts, the concomitant reduction of the potential maximum sentence, and the immediate avoidance of state prison, provided defendant a strong incentive to plead no contest.  But that is not enough to transform an indicated sentence

13

of probation into a plea bargain for probation, of which 1203.4 relief was an implied term. We conclude application of amended section 1203.4 to defendant did not violate the terms of his plea bargain.

That conclusion, however, does not end our analysis. Well-settled case law interpreting section 1203.4 speaks of the *grant* of probation itself as a contract between the People, the defendant, and the court conferring the right to expungement, apart from any plea bargain. The idea of a "contract" or solemn pact between the probationer and the court regarding the relief to be afforded successful probationers by section 1203.4 is reinforced by the statutory language extending expungement relief equally to persons convicted and granted probation after pleas of guilty, no contest, or not guilty (i.e., after a guilty verdict), and requiring the probationer to be informed, in his or her probation papers, of his or her "right and privilege" under the statute. (§ 1203.4, subd. (a)(1).) "A grant of probation is not a matter of right; it is an act of clemency designed to allow rehabilitation. [Citations.] *It is also, in effect, a bargain made by the People, through the Legislature and the courts, with the convicted individual*, whereby the latter is in essence told that if he complies with the requirements of probation, he may become reinstated as a law-abiding member of society. [Citation.] As an additional inducement, the '[removal] of the blemish of a criminal record' is held out through the provisions of Penal Code section 1203.4. [Citation.] [¶] . . . [¶] . . . [A] defendant moving under Penal Code section 1203.4 is entitled as a matter of right to its benefits upon a showing that he 'has fulfilled the conditions of probation for the entire period of probation.' It was apparently intended that when a defendant has satisfied the terms of probation, *the trial court should have no discretion but to carry out its part of the bargain with the defendant*. [Citation.] 'The expunging of the record of conviction is, in essence, a form of legislatively authorized certification of complete rehabilitation based on a prescribed showing of exemplary conduct during the entire period of probation.' [Citation.]" (*People v. Chandler, supra,*

14

203 Cal.App.3d at pp. 788-789, italics added; *People v. Johnson, supra*, 134 Cal.App.2d 140, 143-145.)

In our view, the contract envisioned by *Chandler* and *Johnson* must be subject to the same rules as those that govern plea bargains and other contracts, as stated in *Doe*. In other words, in the absence of constitutional constraints, the contract to which a grant of probation gives rise must be " 'deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy . . . .' " (*Doe v. Harris, supra*, 57 Cal.4th at p. 65, quoting *People v. Gipson* (2004) 117 Cal.App.4th 1065, 1070.) We conclude, in the absence of constitutional constraints, a probationer's entitlement to relief under section 1203.4 is not frozen at the time of the probationary grant but is subject to subsequent legislative amendments to the statute.

## DISPOSITION

The superior court's order is reversed as to counts four and nine, and the matter is remanded to the trial court for further proceedings in compliance with section 1203.4. In all other respects, the order is affirmed.

_____
Dondero, Acting P.J.

We concur:

_____
Banke, J.

_____
Becton, J.[*]

---

[*] Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

15

Trial Court:                                    Sonoma County Superior Court


Trial Judge:                                    Hon. Kenneth J. Gnoss


Counsel for Defendant and Appellant:            Mathew K. Higbee,
                                                    of Higbee & Associates


Counsel for Plaintiff and Respondent:           Kamala D. Harris
                                                    *Attorney General of California*
                                                Dane R. Gillette
                                                    *Chief Assistant Attorney General*
                                                Gerald A. Engler
                                                    *Senior Assistant Attorney General*
                                                Laurence K. Sullivan
                                                    *Supervising Deputy Attorney General*
                                                René A. Chacón
                                                    *Supervising Deputy Attorney General*