Filed 10/14/14  P. v. Davis CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DEYON KEITH DAVIS,<br><br>    Defendant and Appellant. | B254687<br><br>(Los Angeles County<br>Super. Ct. No. SA016161) |

APPEAL from an order of the Superior Court of Los Angeles County, Mark E. Windham, Judge.  Affirmed.

Deyon Keith Davis, in pro. per., and Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Deyon Keith Davis appeals from a postjudgment order denying his petition for dismissal following completion of probation pursuant to Penal Code section 1203.4.[1] We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Davis was charged in a felony complaint on December 10, 1993 with two counts of burglary (§ 459) and three counts of grand theft (former § 487, subd. 1.) On January 12, 1994 Davis waived his rights to a preliminary hearing and a jury trial and entered a negotiated plea of no contest to an amended count of receiving stolen property (former § 496, subd. 1),[2] a felony. The minute order of the plea hearing reflects Davis was advised of his constitutional rights and the nature and consequences of the plea.[3] The trial court, sitting as a magistrate, found Davis's waivers and plea were voluntary, knowing and intelligent, accepted the plea and certified the case for sentencing to superior court. (§ 859a.) Bail was exonerated, and Davis was released on his own recognizance.

The sentencing hearing was scheduled for February 28, 1994. It appears the superior court placed Davis on probation on or about that date because a September 22, 1995 abstract of judgment indicates the court revoked Davis's probation, sentenced him to a two-year state prison term and remanded him to custody.

On January 17, 2014 Davis, representing himself, petitioned for dismissal of his 1994 conviction for receiving stolen property. Checking boxes on a preprinted Judicial Council form, Davis asserted as grounds for dismissing his conviction that the offense was "a felony that may be reduced to a misdemeanor," that probation had been granted and he had been "discharged from probation prior to the termination of the period

---

[1]    Statutory references are to the Penal Code.

[2]    Although the January 17, 1994 minute order shows the amended offense as Penal Code section 496, subdivision 1, the Penal Code was amended in 1993 to use subdivisions denoted by letter (for example, § 496, subd. (a)) rather than by number. (Stats. 1992, ch. 1146, § 1.)

[3]    The reporter's transcripts and most of the clerk's transcripts of the plea and sentencing hearings were apparently destroyed.

thereof," and that he was not serving a sentence or on probation for any other offense and was not under charge of commission of any crime. Davis requested that the felony charge be reduced to a misdemeanor, his guilty plea be set aside, a plea of not guilty entered and the court dismiss the action under section 1203.4.

Davis did not appear at the January 17, 2014 hearing on the petition for dismissal. A deputy district attorney was present and opposed the petition. The trial court denied the petition, stating in a written order it had denied the petition because Davis had been sentenced to state prison and had failed to complete probation.

## DISCUSSION

We appointed counsel to represent Davis on appeal. After examination of the record counsel filed an opening brief in which no issues were raised. On May 28, 2014 we advised Davis he had 30 days within which to personally submit any contentions or issues he wished us to consider. On July 17, 2014 Davis filed a four-page supplemental brief in which he contends he satisfied the conditions for dismissal pursuant to section 1203.4.[4] Davis maintains at sentencing on February 28, 1994 he was placed on 36 months of summary probation for receiving stolen property. According to Davis, as of the date of his petition for dismissal, his probation "expired years ago," he "was not serving a sentence for any offense," he was not "on probation or parole," "all court ordered restitution and fines were paid," he "was not currently charged with another offense" and "more than one year had elapsed since the date of pronouncement of judgment (sentencing)."

"'[A] defendant moving under Penal Code section 1203.4 is entitled *as a matter of right* to its benefits upon a showing that he "has fulfilled the conditions of probation for the entire period of probation." It was apparently intended that when a defendant has satisfied the terms of probation, the trial court should have no discretion but to carry out

---

[4]     Although appointed counsel advised this court he had sent a copy of the record to Davis's last known address, Davis states he never received the record. As discussed, nothing in the 12-page clerk's transcript or one-page reporter's transcript that constitutes the record on appeal supports Davis's claim.

3

its part of the bargain with the defendant.  [Citation.]  "The expunging of the record of conviction is, in essence, a form of legislatively authorized certification of complete rehabilitation based on a prescribed showing of exemplary conduct during the entire period of probation."'"  (*People v. Smith* (2014) 227 Cal.App.4th 717, 724-725; see § 1203.4.)

We have examined the record and are satisfied Davis's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)  The record shows, and Davis does not dispute, he failed to satisfy the conditions of his probation for the entire period of probation and was sentenced to state prison.  The trial court did not abuse its discretion in denying the petition for dismissal.

## DISPOSITION

The order is affirmed.


`                      PERLUSS, P. J.

We concur:


WOODS, J.


ZELON, J.