Filed 11/9/15  P. v. Smith CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RICHARD J. SMITH,<br><br>        Defendant and Appellant. | A143882<br><br>(Sonoma County<br>Super. Ct. No. MCR249927) |

**MEMORANDUM OPINION**[1]

In 1995, defendant Richard J. Smith pleaded no contest to four counts of a 14-count complaint:  (1) lewd and lascivious acts upon a child of 14 or 15 by a person at least 10 years older (Pen. Code,[2] § 288, subd. (c)); (2) oral copulation with a person under the age of 16 by a person over the age of 21 (§ 288a, subd. (b)(2)); (3) sexual penetration of a person under age 16 by a person over age 21 (§ 289, subd. (i)); and (4) sexual intercourse between a person under the age of 16 and a person over the age of 21 (§ 261.5, subd. (d)).  The remaining counts were dismissed pursuant to a negotiated disposition.  Defendant was 34 years old at the time of the offenses; the victim was 14 years old.  (*People v. Smith* (2014) 227 Cal.App.4th 717, 721–722.)  Execution of a three-year state prison sentence was suspended, and defendant was placed on formal

---

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1(1) and (2).

[2] Unless otherwise indicated, all further statutory references are to the Penal Code.

probation for 48 months. Defendant successfully completed probation in 1999. (*Id.* at p. 723.) In February 2013, defendant brought a motion to dismiss pre-1997 sex offenses under section 1203.4, which was denied. A motion to reconsider the court's ruling was also denied, and defendant timely appealed. (*Ibid.*)

While defendant was still on probation, the Legislature amended section 1203.4 to prohibit the dismissal of convictions for violation of section 288. (Stats. 1997, ch. 61, § 1, p. 405.) That amendment has been held to apply retroactively to those persons convicted and sentenced prior to January 1998, the effective date of the statute. (*People v. Ansell* (2001) 25 Cal.4th 868, 880–893.) Subsequently, in 2000—after defendant had successfully completed his probationary term—the Legislature amended section 1203.4 to prohibit dismissal of convictions for felony violations of section 261.5, subdivision (d). (Stats. 2000, ch. 226, § 1, p. 2315.) The retroactivity of that amendment has not been judicially determined. Convictions under section 289, subdivision (i) and section 288a, subdivision (b)(2) were not excluded under those amendments, or any other. (*People v. Smith, supra,* 227 Cal.App.4th at pp. 723–724.)

On June 30, 2014, this court held the trial court should have dismissed defendant's convictions under section 289, subdivision (i) and 288a, subdivision (b)(2). (*People v. Smith, supra,* 227 Cal.App.4th at p. 724.) We reversed the trial court's order denying dismissal as to those two convictions and remanded the matter to the trial court for further proceedings in compliance with section 1203.4. (*Id.* at p. 732.) On remand, the trial court dismissed these two convictions.

With respect to his section 261.5, subdivision (d) conviction, defendant argued for the first time on appeal that the 2000 amendment to section 1203.4 was "not retroactive on its face, has not been judicially construed to apply retroactively, and cannot be constitutionally applied retroactively to him because to do so would impair a substantive vested right. (Cal. Const., art. I, § 7 [due process]; *In re Marriage of Buol* (1985) 39 Cal.3d 751, 756; *Yoshioka v. Superior Court* (1997) 58 Cal.App.4th 972, 981; *INS v.*

2

*St. Cyr* (2001) 533 U.S. 289, 321.)" (*People v. Smith*, *supra*, 227 Cal.App.4th at pp. 726–727.) This was so "because he had fulfilled all the conditions of his probation, and his probationary period had terminated, well before section 1203.4 was amended in 2000 to preclude dismissal of convictions for such violation." (*Id.* at p. 726.) We declined to consider this argument because it had not been raised in the trial court. However, we allowed defendant to renew his arguments in the trial court on remand. (*Id.* at p. 727.)

The bulk of our prior opinion addressed all the arguments defendant raised with respect to his section 288 conviction. He did not make any retroactivity or vested right arguments with respect to this conviction. Our opinion specifically noted that since "defendant was still on probation and had not yet fulfilled all requirements of section 1203.4 when section 1203.4 was amended in 1997 to prohibit dismissal of convictions for violations of section 288[,] . . . [his] claim with respect to this conviction does not rely in any way on the theory that retrospective application of the 1997 amendment to him deprives him of a vested right. Defendant argues he is nevertheless entitled to dismissal of his conviction for violating section 288, subdivision (c) on the theory that section 1203.4 relief was an implicit term of his plea bargain, which must be honored." (*People v. Smith* , *supra*, 227 Cal.App.4th at pp. 727–728.) After extensive analysis, we rejected defendant's arguments on the merits and affirmed the trial court's order denying relief. (*Id.* at pp. 731–732.)

On remand, defendant renewed his retroactivity/vested rights argument with respect to his section 261.5, subdivision (d) conviction. He also argued the court should dismiss his section 288, subdivision (c) conviction "because he had fulfilled a substantial portion of his probation by the time the 1997 amendment to the statute went into effect, and had successfully completed his probation before the amendment was judicially declared to apply retroactively." The trial court dismissed defendant's section 288a and 289, subdivision (i) convictions; it also dismissed defendant's 261.5 conviction. The trial court denied defendant's request for relief on the section 288 conviction.

On appeal from the trial court's order denying relief on the section 288 conviction, defendant again challenges the trial court's—and this court's—denial of relief, renewing in this court the argument he made in the trial court on remand and did not make in the first appeal.

We agree with the Attorney General our review of defendant's current arguments is barred by the law of the case doctrine. That doctrine holds: " ' " 'Where a decision upon appeal has been rendered by a District Court of Appeal and the case is returned upon a reversal, and a second appeal comes to this court directly or intermediately, for reasons of policy and convenience, this court generally will not inquire into the merits of said first decision, but will regard it as the law of the case.' [Citations.]" ' [Citation.]" (*People v. Gray* (2005) 37 Cal.4th 168, 196.) The rule applies in criminal and even capital cases. (*Id.* at p. 197.) "The doctrine will not be applied, however, when such application leads to an unjust result. Because the law of the case doctrine 'is merely one of procedure and does not go to the jurisdiction of the court [citations], the doctrine will not be adhered to where its application will result in an unjust decision, e.g., where there has been a "manifest misapplication of existing principles resulting in substantial injustice" [citation], or the controlling rules of law have been altered or clarified by a decision intervening between the first and second appellate determinations [citation]. The unjust decision exception does not apply when there is a mere disagreement with the prior appellate determination.' [Citation.]" (*Id.* at p. 197.)

Defendant argues we should review his current arguments because they were "neither presented to nor adjudicated by this Court in the prior appeal." We agree with *People v. Senior* (1995) 33 Cal.App.4th 531 that "where a criminal defendant could have raised an issue in a prior appeal, the appellate court need not entertain the issue in a subsequent appeal absent a showing of justification for the delay." (*Id.* at p. 538.) Defendant proffers no reason for his failure to make an argument that could have been made. Furthermore, we see no injustice that would justify applying the exception to the

4

law of the case doctrine in this instance. There is no new case law to consider; defendant relies on two cases which have been depublished, for which he apologizes in his reply brief.

Nor has defendant demonstrated he has a vested right to relief. As stated in our prior opinion, "defendant was still on probation and had not yet fulfilled all requirements of section 1203.4 when section 1203.4 was amended in 1997 to prohibit dismissal of convictions for violations of section 288." (*People v. Smith*, *supra*, 227 Cal.App.4th at pp. 727–728.) We adhere to our view, derived from our analysis of *Doe v. Harris* (2013) 57 Cal.4th 64, *People v. Ansell*, *supra*, 25 Cal.4th 868, and other cases, that "a probationer's entitlement to relief under section 1203.4 is not frozen at the time of the probationary grant but is subject to subsequent legislative amendments to the statute." (*People v. Smith*, at p. 731.)

## DISPOSITION

The judgment is affirmed.

_____
DONDERO, J.

We concur:

_____
MARGULIES, Acting P.J.

_____
BANKE, J.

5