Filed 12/20/21  P. v. Torres CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSE TORRES,<br><br>    Defendant and Appellant. | F082017<br><br>(Super. Ct. No. VCF397983)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Juliet L. Boccone, Judge.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Michael A. Canzoneri, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Meehan, Acting P.J., Snauffer, J. and DeSantos, J.

**INTRODUCTION**

Defendant Jose Torres was charged with first degree burglary (Pen. Code, §§ 459, 460, subd. (a); count 1),[1] felony vandalism (§ 594, subd. (a); count 2), and misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 3). At the pretrial conference, defendant entered a plea of guilty to counts 1 and 2, and the prosecutor dismissed count 3. The trial court gave an indicated sentence of two years eight months in state prison,[2] suspended, and felony probation for a period of three years, conditioned on serving 365 days in jail.

In accordance with the indicated sentence, on November 12, 2020, defendant was sentenced to two years eight months in state prison, suspended; and placed on probation for three years with 365 days in jail.[3] Additionally, the court imposed a restitution fine of $500 under section 1202.4, subdivision (b)(1); a probation revocation restitution fine of $500 under section 1202.44, subdivision (a), suspended; a total court operations assessment of $80 under section 1465.8, subdivision (a)(1); a total court facilities assessment of $60 under Government Code section 70373, subdivision (a)(1); a $10 crime prevention fee under section 1202.5; a $10 citation processing fee under former Government Code section 29550, subdivision (f); and a $250 presentence investigation and report preparation fee under former section 1203.1b, subdivision (a).

Defendant advances two claims on appeal. First, pursuant to Assembly Bill No. 1950 (2019−2020 Reg. Sess.), effective January 1, 2021, he seeks modification of his probation term from three years to two years. Second, pursuant to Assembly

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] The lower term of two years on count 1 and one-third of the middle term on count 2.

[3] The court also resolved five other pending cases, which are not at issue in this appeal.

Bill No. 1869 (2019−2020 Reg. Sess.), effective July 1, 2021, he seeks an order striking the citation processing fee and the presentence investigation and report fee.[4]

The People concede defendant is entitled to relief under Assembly Bill 1950 and Assembly Bill 1869, but they characterize the three-year probation period as a negotiated term of the parties' plea agreement. They argue the appropriate remedy, therefore, is a remand to allow the prosecution to either accept reduction of the probation term to two years or withdraw from the plea agreement, in accordance with *People v. Stamps* (2020) 9 Cal.5th 685, 707−708 (*Stamps*).

We agree with the parties that defendant is entitled to relief under Assembly Bill 1950 and Assembly Bill 1869. However, this case involves an indicated sentence rather than a negotiated plea agreement to a stipulated sentence as in *Stamps*. As we shall explain, because applying Assembly Bill 1950 to defendant's sentence in this case does not deprive the People of the benefit of their plea bargain, they are not entitled to remand. In accordance with Assembly Bill 1950, we shall reduce defendant's term of probation to two years and pursuant to Assembly Bill 1869, we shall strike the unpaid portions of the citation processing fee and the presentence investigation and report preparation fee. (§ 1260.) Except as modified, judgment is affirmed.

## DISCUSSION

### I. Assembly Bill 1950

#### A. Assembly Bill 1950 Applies Retroactively

"As amended by Assembly Bill No. 1950, subdivision (a) of section 1203.1 provides, 'The court, or judge thereof, in the order granting probation, may suspend the imposing or the execution of the sentence and may direct that the suspension may continue for a period of time *not exceeding two years*, and upon those terms and

---

[4]    Stats. 2020, ch. 328, § 2 (Assembly Bill 1950) and Stats. 2020, ch. 92, § 2 (Assembly Bill 1869).

conditions as it shall determine. The court, or judge thereof, in the order granting probation and as a condition thereof, may imprison the defendant in a county jail for a period not exceeding the maximum time fixed by law in the case.... ' "[5] (*People v. Schulz* (2021) 66 Cal.App.5th 887, 892.) In *People v. Schulz*, this court considered the issue of retroactivity and concluded that defendants are entitled to application of Assembly Bill 1950 in cases not yet final on appeal. (*People v. Shulz*, at p. 895; accord, *People v. Czirban* (2021) 67 Cal.App.5th 1073, 1095; *People v. Lord* (2021) 64 Cal.App.5th 241, 245−246; *People v. Sims* (2021) 59 Cal.App.5th 943, 964.) Accordingly, we concur with the parties on that point.

## B. Remedy

With respect to remedy, the People contend remand would permit the trial court to adjust, modify, or strike any probation terms prior to the termination of probation, and would allow the trial court to determine whether defendant met his conditions of probation for the purpose of expungement relief under section 1203.4, subdivision (a)(1). However, defendant was sentenced approximately one year ago, and "[t]he court [retains] the authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence." (§ 1203.3, subd. (a).) Further, reducing defendant's probation term will not deprive the trial court of its authority to determine whether he successfully completed probation or whether he has met the requirements for expungement under section 1203.4, in the event he applies for such relief.

---

[5]     Although not relevant in this case, there are exceptions to the two-year felony probation limit, set forth in section 1203.1, subdivision (m). Effective January 1, 2022, these exceptions are renumbered to subdivision (*l*) of section 1203.1. (Assem. Bill No. 177 (Reg. Sess. 2021−2022) Stats. 2021, ch. 257, § 22.)

### 1. *Stamps* Remand

The People also cite *Stamps* for the proposition that "in negotiated plea cases …
where an agreed term becomes unenforceable, the People may withdraw from the plea or
the trial court may rescind its approval and return the parties to the status quo ante, when
all charges were on the table, to renegotiate or go to trial." Defendant maintains that
remand is not required because the three-year probation period was not a negotiated term
of the parties' plea bargain. We agree with defendant.

In *Stamps*, the parties entered a plea agreement for a stipulated sentence of
nine years in prison, five years of which was attributable to the prior serious felony
conviction enhancement imposed under former section 667, subdivision (a)(1).[6] (*Stamps*,
*supra*, 9 Cal.5th at pp. 692−693.) The defendant thereafter sought remand to allow him
to request the trial court strike the five-year enhancement under Senate Bill No. 1393
(2017−2018 Reg. Sess.) (Senate Bill 1393), which was enacted during the pendency of
the defendant's appeal. (*Stamps*, at p. 693.) The California Supreme Court held that the
defendant was not required to obtain a certificate of probable cause to seek relief based
on the ameliorative change in the law and that Senate Bill 1393 applied retroactively to
cases not yet final on appeal. (*Stamps*, at pp. 698−699.) The question, then, was one of
remedy given that the parties' plea bargain included a stipulated sentence of nine years in
prison. (*Id*. at p. 700.)

Relevant to the People's argument in this case, where a defendant is entitled to
seek relief under an ameliorative change in the law but entered into a plea bargain,
*Stamps* explained,

---

[6] This court's decisions in *People v. Hernandez* (2020) 55 Cal.App.5th 942, 944−946,
review granted Jan. 27, 2021, S265739, and *People v. Barton* (2020) 52 Cal.App.5th 1145, 1149,
cited by defendant, also involved negotiated plea agreements to stipulated sentences. (Accord,
*People v. Ellis* (2019) 43 Cal.App.5th 925, 928 (*Ellis*).)

"The proper remedy requires an examination of the court's role in approving a plea agreement. 'The process of plea bargaining which has received statutory and judicial authorization as an appropriate method of disposing of criminal prosecutions contemplates an agreement negotiated by the People and the defendant and approved by the court. [Citations.] Pursuant to this procedure the defendant agrees to plead guilty in order to obtain a reciprocal benefit, generally consisting of a less severe punishment than that which could result if he were convicted of all offenses charged. [Citation.] This more lenient disposition of the charges is secured in part by prosecutorial consent to the imposition of such clement punishment [citation], by the People's acceptance of a plea to a lesser offense than that charged, either in degree [citations] or kind [citation], or by the prosecutor's dismissal of one or more counts of a multi-count indictment or information. … But implicit in all of this is a process of 'bargaining' between the adverse parties to the case—the People represented by the prosecutor on one side, the defendant represented by his counsel on the other—which bargaining results in an agreement between them.' [Citations.] 'Judicial approval is an essential condition precedent to the effectiveness of the "bargain" worked out by the defense and prosecution.' " (*Stamps*, *supra*, 9 Cal.5th at p. 705.)

*Stamps* concluded the appropriate remedy was to remand the matter to allow the defendant to seek relief under Senate Bill 1393 because to do otherwise " 'would be effectively[, and impermissibly,] insulating the [plea] agreement from retroactive changes in the law ….' " (*Stamps*, *supra*, 9 Cal.5th at p. 709, quoting *Ellis*, *supra*, 43 Cal.App.5th at p. 946.) *Stamps* cautioned, however, that because the trial court was not permitted to unilaterally modify the terms of the negotiated plea agreement, and because it also had broad discretion to withdraw its approval of a negotiated plea agreement, a defendant's request for relief was not without potential consequences to the plea agreement. (*Stamps*, at pp. 707−708, citing *Ellis*, at p. 944.) *Stamps* recognized that the Legislature or "[t]he electorate may bind the People to a unilateral change in a sentence without affording them the option to rescind the plea agreement" (*Stamps*, at p. 703, quoting *Harris v. Superior Court* (2016) 1 Cal.5th 984, 992), but where that is not so, a trial court electing to grant the defendant the relief sought " ' "must restore the parties to the status quo ante" ' " ( *Stamps*, at p. 707, quoting *Ellis*, at p. 944). This follows not only from the

principles discussed concerning the court's role in the context of a plea bargain but also encompasses the concept of reciprocal benefits, which entitles the party deprived of the benefit of its bargain to a restorative remedy. (*People v. Collins* (1978) 21 Cal.3d 208, 214−216; see *Stamps*, at pp. 703−704.)

## 2. Probation Not a Negotiated Term of Parties' Plea Agreement

In contrast with Senate Bill 1393, at issue in *Stamps* and *Ellis*, relief under Assembly Bill 1950 is mandatory rather than discretionary, but our disposition here rests on a different distinction: this case involves an indicated sentence by the trial court rather than a plea bargain for a stipulated sentence as in *Stamps* and *Ellis*.[7] Thus, defendant is not seeking through application of Assembly Bill 1950 " 'to whittle down the [stipulated] sentence [he negotiated,] "but otherwise leave the plea bargain intact …." ' " (*Ellis*, *supra*, 43 Cal.App.5th at p. 943.)

The record reflects that the parties negotiated an agreement under which defendant would enter a plea to counts 1 and 2, both felonies, and the prosecutor would dismiss count 3, a misdemeanor. The record reflects no other terms negotiated by the parties as part of their plea agreement. Rather, the trial court gave an indicated sentence, which it later imposed at the sentencing hearing.

"An indicated sentence is not a plea bargain, or a contract between the defendant and the court …." (*People v. Smith* (2014) 227 Cal.App.4th 717, 730; accord, *People v. Superior Court (Jalalipour)* (2015) 232 Cal.App.4th 1199, 1209.) "[A]n indicated sentence, properly understood, 'represents the trial court's application of the law (its

---

[7]     Neither *Stamps* nor *Ellis* endeavored to address every conceivable permutation involving application of a retroactive change in the law to a case resolved by plea bargain, and both were decided in the context of Senate Bill 1393, under which relief was left to the sound discretion of the trial court. Pertinent to our disposition here, *Ellis* recognized that "[t]he terms of a plea bargain are unique to the case in which the bargain was reached …." (*Ellis*, *supra*, 43 Cal.App.5th at p. 944.)

ordinary sentencing discretion) to assumed facts.' " (*People v. Clancey* (2013) 56 Cal.4th 562, 581 (*Clancey*).)

"When a trial court properly indicates a sentence, it has made no *promise* that the sentence will be imposed. Rather, the court has merely disclosed to the parties at an early stage—and to the extent possible—what the court views, on the record then available, as the appropriate sentence so that each party may make an informed decision." (*Clancey*, *supra*, 56 Cal.4th at p. 575.) An indicated sentence "does [not] divest a trial court of its ability to exercise its discretion at the sentencing hearing, whether based on the evidence and argument presented by the parties or on a more careful and refined judgment as to the appropriate sentence." (*Id*. at p. 576.) "The development of new information at sentencing may persuade the trial court that the sentence previously indicated is no longer appropriate for this defendant or these offenses. Or, after considering the available information more carefully, the trial court may likewise conclude that the indicated sentence is not appropriate. Thus, even when the trial court has indicated its sentence, the court retains its full discretion at the sentencing hearing to select a fair and just punishment." (*Ibid*.)

In this case, the parties were aware of Assembly Bill 1950 at the time of the sentencing hearing, although it was not yet effective, and there was some disagreement regarding the future impact of the legislation. The prosecutor, who was not involved in the negotiations that led to the plea agreement, sought to secure an agreement at sentencing to probation for three years based on his belief that Assembly Bill 1950 would apply retroactively unless defendant waived the issue.[8] Defense counsel pointed out this

---

[8]    In addition to the fact that relief under Assembly Bill 1950 is mandatory rather than discretionary, the prosecutor's belief he could successfully insulate the sentence imposed from any future change in the law under Assembly Bill 1950 by virtue of defendant's agreement to the court's indicated sentence is infirm. Section 1016.8, effective January 1, 2020, provides, "A provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may

prosecutor had not been involved in the plea negotiations and a three-year probation term was not a term of the parties' negotiated plea agreement.

The trial court declined to weigh in on the effect of Assembly Bill 1950, but, after reviewing the record from the plea hearing concluded that because the court advised defendant of the probation term, it was part of the plea bargain. The parties considered having the prosecutor who negotiated the plea agreement appear, but the trial court elected to proceed with sentencing on the record as it stood and neither party objected.

We are confined to the record before us, and there is no evidence that a three-year probationary period, or any other component of the sentence imposed, was a negotiated term of the parties' plea agreement. (*People v. Smith*, *supra*, 227 Cal.App.4th at p. 730.) A trial court cannot unilaterally modify the parties' plea agreement to change its terms and it cannot bargain with the defendant over the sentence; to do so is impermissible.[9] (*Clancey*, *supra*, 56 Cal.4th at pp. 573, 575.) As such, the trial court's statement at sentencing that it had advised defendant the indicated sentence included a three-year probation term does not transform probation into an agreed upon term of the parties' negotiated plea agreement. Accordingly, on this record, we conclude that application of Assembly Bill 1950 to defendant's sentence does not deprive the People of the benefit of their bargain, and we reject their argument that they are entitled to remand under *Stamps* so they may agree to the one-year probation term reduction or withdraw from the plea bargain. (See *People v. Henderson* (2021) 67 Cal.App.5th 785, 789 [striking enhancement under Senate Bill No. 136 did not require remand in open plea

retroactively apply after the date of the plea is void as against public policy." (§ 1016.8, subd. (b).)

[9]     The record does not suggest the trial court improperly induced defendant's plea and the parties do not claim otherwise. (*Clancey*, *supra*, 56 Cal.App.4th at p. 575; see *People v. Superior Court (Jalalipour)*, *supra*, 232 Cal.App.4th at p. 1209 [trial court engaged in improper judicial plea bargaining when it promised to reduce charges to misdemeanors in exchange for guilty plea].)

9.

case where resulting sentence remained within range contemplated by the parties].) We express no view on what the outcome might be on different facts.

We need not remand where it would be an idle act and wasteful of judicial resources. (*People v. Ledbetter* (2014) 222 Cal.App.4th 896, 904.) Under the circumstances of this case, the People fail to persuade us that remand is necessary or an appropriate use of scarce judicial resources. Accordingly, under section 1260, we shall modify defendant's probation term to two years. (Accord, *People v. Quinn* (2021) 59 Cal.App.5th 874, 885.)

## II. Assembly Bill 1869

"Effective July 1, 2021, Assembly Bill 1869 'eliminate[d] the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system and … eliminate[d] all outstanding debt incurred as a result of the imposition of [identified] administrative fees.' " (*People v. Greeley* (2021) 70 Cal.App.5th 609, 625 (*Greeley*), quoting Stats. 2020, ch. 92, § 2.) Defendant contends that under Assembly Bill 1869, he is entitled to relief from the unpaid portions of the $10 citation processing fee imposed under former Government Code section 29550, subdivision (f), and the $250 presentence investigation and report fee imposed under former section 1203.1b, subdivision (a). The People concede defendant is entitled to relief, and we accept the concession. (*Greeley*, *supra*, at pp. 626–627.)

Assembly Bill 1869 added Government Code section 6111, which provides, "On and after July 1, 2021, the unpaid balance of any court-imposed costs pursuant to Section 27712, subdivision (c) or (f) of Section 29550, and Sections 29550.1, 29550.2, and 29550.3, as those sections read on June 30, 2021, is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Gov. Code, § 6111, subd. (a).)

Assembly Bill 1869 also added section 1465.9, which provides, "The balance of any court-imposed costs pursuant to Section 987.4, subdivision (a) of Section 987.5,

Sections 987.8, 1203, 1203.1e, 1203.016, 1203.018, 1203.1b, 1208.2, 1210.15, 1463.07, 3010.8, 4024.2, and 6266, as those sections read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (§ 1465.9, subd. (a).)[10]

Pursuant to the plain language of Government Code section 6111, subdivision (a), and section 1465.9, subdivision (a), as of July 1, 2021, any unpaid balances from the citation processing fee imposed under former Government Code section 29550, subdivision (f), and the presentence investigation and report fee imposed under former section 1203.1b, subdivision (a), are unenforceable and uncollectible. (*Greeley*, *supra*, 70 Cal.App.5th at pp. 626−627; accord, *People v. Lopez-Vinck* ( 2021) 68 Cal.App.5th 945, 954.) Therefore, we vacate any balances remaining unpaid as of July 1, 2021. (*Greeley*, at pp. 626−627; accord, *People v. Lopez-Vinck*, at p. 954.)

### DISPOSITION

Pursuant to Assembly Bill 1950, defendant's term of probation is reduced from three years to two years; and pursuant to Assembly Bill 1869, any balances from the citation fee imposed under former Government Code section 29550, subdivision (f), and the presentence investigation and report fee imposed under former section 1203.1b, subdivision (a), that were unpaid as of July 1, 2021, are vacated. The trial court shall amend its records to reflect these modifications to its orders and shall forward a copy of the amended orders to any appropriate authorities. The judgment is otherwise affirmed.

---

[10] Subdivision (b) of section 1465.9 provides, "On and after January 1, 2022 the balance of any court-imposed costs pursuant to Sections 1001.15, 1001.16, 1001.90, 1202.4, 1203.1, 1203.1ab, 1203.1c, 1203.1m, 1203.4a, 1203.9, 1205, 1214.5, 2085.5, 2085.6, or 2085.7, as those sections read on December 31, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated."