Filed 2/22/16  P. v. Saetern CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>KIM SAETERN,<br><br>        Defendant and Appellant. | A144232<br><br>(Contra Costa County<br>Super. Ct. No. 02-31271-80) |

## INTRODUCTION

In this case, the trial court erroneously denied defendant's petition for resentencing under the Safe Neighborhoods and Schools Act (Prop. 47, as approved by voters, Gen. Elec. (Nov. 4, 2014) (the Act)) for the stated reason he was convicted by negotiated plea.  (Pen. Code, § 1170.18;[1] *T.W. v. Superior Court* (2015) 236 Cal.App.4th 646 (*T.W.*)  Defendant argues this error entitles him to relief under the statute because the prosecution bore the burden of proving he received stolen property worth more than $950, and the record does not establish that fact.  Alternatively, he argues this court should remand the matter for a hearing to determine defendant's eligibility for relief.

In our view, it was defendant's burden, as the petitioner, to establish he was entitled to relief by meeting the $950 or less threshold requirement, as well as other requirements under the statute.  Since he failed to carry that burden, he is not

_____

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

entitled to resentencing under section 1170.18. However, because the court short-circuited the petition process by its ruling, we will reverse and remand for a hearing on defendant's entitlement to relief and for correction of errors in the imposition of fees. Because defendant is not entitled to resentencing at this juncture, defendant's contentions regarding modification of parole and credit for time are premature, and we do not reach them.

## STATEMENT OF THE FACTS AND CASE[2]

On January 25, 2013, El Cerrito police officer Wong followed a van listed as stolen out of Richmond. The van stopped and picked up two men. Following a felony stop, three men, defendant included, were detained and the van was searched. Several stolen items, including several bags of foreign currency and several pieces of jewelry, were found inside. After interviewing the owner of the van, police received a call from the victim of a home burglary. She viewed photographs of the items found in the van and identified the items as hers.

The Contra Costa County District Attorney charged defendant Kim Saeturn and two others by complaint with first degree residential burglary (count 1) and two counts of receiving stolen property: a stolen vehicle (count 3), and jewelry and coins (count 4). (§§ 459/460, subd. (a); 496d; 496, subd. (a).) The complaint also alleged defendant had previously suffered a serious and violent felony for burglary and served a prior prison term for receiving stolen property. (§§ 667, subds. (a), (b)–(i); 667.5, subd. (b).)

Following a preliminary hearing, the codefendants were held to answer on all counts, plus one additional count not involving defendant (count 2). On April 2, 2014, defendant waived preliminary hearing and pleaded no contest to

---

[2]  Because defendant was convicted by plea, our factual summary is drawn from the probation report which, in turn, drew from the police report.

2

count 4, receiving stolen property consisting of coins and jewelry. He was sentenced the same day to two years in state prison.

On November 12, 2014, defendant, through counsel, filed a petition for recall of sentence and request for resentencing pursuant to section 1170.18.[3] On December 17, 2014, the court granted defendant's counsel's request to join and incorporate by reference the petition and reply briefs filed by the Contra Costa County Public Defender on behalf of all persons convicted by plea agreement who seek relief under section 1170.18. Those briefs solely addressed the question, then unsettled, whether section 1170.18 applies to convictions by plea.

On December 19, 2014, the court denied defendant's petition for relief on the ground that "where there was a plea bargain where non-Prop. 47 eligible crimes were dismissed in exchange for a plea to what is now a Prop. 47 eligible crime, that Prop. 47 does not apply." The court took judicial notice that the information in defendant's case charged him with a residential burglary, which is "clearly not a Prop. 47 eligible offense." The court indicated its ruling, which was issued the previous week in the lead case of *People v. Broadway* (Super. Ct. Contra Costa County, 2014, No. 5-131718-9) was not open to relitigation. Defendant timely appealed in January 2015.

_____

[3] The petition states: "The grounds for the application are as follows: [¶] (1) KIM SAETURN was convicted of a felony violation of Penal Code § 496(a) on April 2, 2014 in Docket 312718-0. [¶] (2) KIM SAETURN was sentenced to 2 years State Prison, with 60 days CTS. [¶] (3) KIM SAETURN is currently serving a sentence for the above-listed conviction(s) in Kern Valley State Prison . . . . [¶] (4) Had the "The Safe Neighborhoods and Schools Act" been in effect at the time KIM SAETURN was convicted of and sentenced for the above offenses, he/she would have been convicted of a misdemeanor, rather than a felony. [¶] (5) Because requirements of Penal Code section 1170.18(a) are met, KIM SAETURN is entitled to a recall of his/her felony sentence and a resentencing as a misdemeanor."

# DISCUSSION

Defendant argues he was not disqualified from requesting relief under section 1170.18 by virtue of his conviction by plea bargain. The Attorney General agrees, and we concur. "On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act (hereafter Proposition 47), which went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).)" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Section 1170.18 "was enacted as part of Proposition 47." (*Rivera,* at p. 1089.) Section 1170.18 provides a mechanism by which a person currently serving a felony sentence for an offense that is now a misdemeanor may petition for a recall of that sentence and request resentencing in accordance with the offense statutes as added or amended by Proposition 47. (§ 1170.18, subd. (a).) A person who satisfies the criteria in subdivision (a) of section 1170.18 shall have his or her sentence recalled and be " 'resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' ([§ 1170.18], subd. (b).)" (*T.W., supra*, 236 Cal.App.4th at p. 649, fn. 2.)

On April 21, 2015, a few months after the rulings by members of the Contra Costa County bench in this case and in *T.W.*, this court held that similar persons convicted of a Proposition 47-eligible offenses by plea are entitled to request relief under section 1170.18. (*T.W., supra,* 236 Cal.App.4th at p. 653.) This court issued a peremptory writ of mandamus directing the superior court to vacate its order denying T.W.'s petition for recall of sentence. Because its ruling prevented the court from reaching "the issue of whether T.W. would pose an unreasonable risk of danger to public safety (see § 1170.18. subd. (b))," the matter was remanded to the trial court for a hearing to determine whether T.W.'s maximum term should be reduced pursuant to section 1170.18, subdivision (b). (*T.W.*, at p. 649.)

4

Section 1170.18, subdivision (a) specifies that section 496, as amended or added by the Act, is an eligible offense. Section 496, in turn, specifies that a violation of that statute shall be punishable as a misdemeanor "if the value of the property does not exceed nine hundred fifty dollars ($950)." (Pen. Code, § 496, subd. (a).) Section 1170.18 does not state which party bears the burden of proof on a petition for resentencing under that section. Defendant argues the court's error below entitles him to relief because the prosecution had the burden of showing the stolen property was worth more than $950, and it did not carry that burden. We disagree. For the reasons stated in greater detail in *People v. Sherow* (2015) 239 Cal.App.4th 875 (*Sherow*) and *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444 (*Rivas-Colon*), we agree with those opinions that the defendant bears the burden of proving he is eligible for resentencing. As noted in *Sherow,* under California law " ' "[a] party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting." ' " (*Sherow,* at p. 879, citing *Vance v. Bizek* (2014) 228 Cal.App.4th 1155, 1163, fn. 3; Evid. Code, § 500; see *People v. Barasa* (2002) 103 Cal.App.4th 287, 295–296.) Under Proposition 47, the value of the stolen property received—$950 or less—is a fact essential to entitlement to relief under section 1170.18.

We also disagree the presumption of innocence is implicated in Proposition 47 proceedings. "The difficulty with a due process argument based on the prosecutor's burden of proof in the initial prosecution for an offense is that the resentencing provisions of Proposition 47 deal with persons who have already been proved guilty of their offenses beyond a reasonable doubt. Under this remedial statute, a petitioner is claiming the crime for which the person has been convicted would be a misdemeanor if tried after the enactment of the proposition." (*Sherow*, *supra*, 239 Cal.App.4th at p. 880.) "The question presented by [a]

resentencing petition [is] not whether to increase the punishment for [the petitioner's] offense, but whether he was eligible for a potential reduction of his sentence." (*Rivas-Colon*, *supra*, 241 Cal.App.4th at p. 451.)

Finally, we do not agree that resentencing under Proposition 47 is a "whole other animal" from petitions for collateral relief by habeas or mandamus. Proposition 36, like Proposition 47, does not explicitly allocate a burden of proof. (*Sherow, supra*, 239 Cal.App.4th at p. 878.)  Yet, under section 1170.126, subd. (e), an inmate must demonstrate he or she meets the eligibility criteria for consideration, i.e., that "none of his or her current commitment offenses constitutes serious or violent felonies and none of the enumerated factors disqualifying an inmate for resentencing under the Reform Act applies." (*People v. Brown* (2014) 230 Cal.App.4th 1502, 1510.)  Similarly, under section 1203.4, the petitioner must show his convictions are eligible for dismissal under the statute.  (*People v. Smith* (2014) 227 Cal.App.4th 717, 723.)

In this case, defendant not only failed to demonstrate the stolen property at issue was worth $950 or less; *unlike* T.W. (*T.W.*, *supra*, 236 Cal.App.4th 646), he also failed even to *plead* that fact.  The fact the trial court incorrectly decided relief under section 1170.18 was precluded by defendant's plea would not bar us from affirming the trial court's denial of the petition on the ground defendant did not carry either his pleading or his evidentiary burden.  However, we are cognizant that at the time defendant's petition was heard, the statute was new, and the Contra Costa County Superior Court bench had apparently taken the erroneous view that no defendants who entered pleas to Proposition 47-eligible offenses were entitled to petition for resentencing.  While we do not condone the sloppy pleading in this case, under these circumstances, we agree with defendant that the court's categorical error effectively deprived him of any meaningful hearing on his petition, including on the question whether the stolen property at issue was worth

6

$950 or less. This disposition effectuates Proposition 47's stated purpose of reducing penalties "for certain nonserious and nonviolent property and drug offenses from wobblers or felonies to misdemeanors," including receiving stolen property. (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) analysis by the Legis. Analyst, p. 35, boldface & italics omitted.) We will therefore reverse and remand for a hearing on whether defendant is eligible for resentencing and, if he is, whether he is entitled to resentencing under 1170.18, subdivision (b). (*T.W.*, *supra*, 236 Cal.App.4th at p. 649.)[4]

In light of our disposition, we do not reach defendant's claims about parole and credit for time served.

The parties agree, and we concur, that since he was convicted of one offense, the conviction assessment fee (Gov. Code, § 70373, subd. (a) (1)) should have been $30 instead of $60, and the court operations assessment fee (§ 1465.8, subd. (a)(1)) should have been $40 instead of $80. We will order the court to modify the abstract of judgment accordingly.

## DISPOSITION

The order denying defendant's petition pursuant to Penal Code section 1170.18 is reversed, and the matter is remanded for a new hearing on a correctly pleaded petition. The court is ordered to modify the abstract of judgment to reflect a $30 conviction assessment fee and $40 court operations assessment fee.

---

[4] Remand to permit defendant to establish in his petition the property he possessed in violation of section 496 was $950 or less was also employed in two recent decisions of the California Court of Appeal. (See *People v. Ortiz* (2016) 243 Cal.App.4th 854 and *People v. Perkins* (2016)___Cal.App.4th___(2016 WL 297309).)

_____
DONDERO, J.

We concur:


_____
HUMES, P.J.


_____
BANKE, J.

8