[No. B131760. Second Dist., Div. Six. Jan. 27, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
GILBERT ADAME ACUNA, Defendant and Appellant.

**COUNSEL**

Richard C. Gilman, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Pamela C. Hamanaka and Wendy Chase Arenson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GILBERT, P. J.**—Here we hold that a defendant who has been denied expungement of his conviction by an amendment to the Penal Code[1] enacted after he pled guilty has not been subjected to an ex post facto law; nor does the application of the amendment violate section 3; nor has he been denied due process, equal protection or the benefit of his plea bargain. We affirm.

### FACTS

On February 26, 1993, Gilbert Adame Acuna pled guilty to one count of committing a lewd act upon a child under age 14 in violation of section 288, subdivision (a). Acuna was sentenced to 60 months' probation on terms and conditions that included 365 days in county jail.

At the time of Acuna's plea and sentencing, section 1203.4 allowed him to apply to the court after his probation ended to have his conviction expunged.

---

[1]All statutory references are to the Penal Code unless otherwise stated.

In 1997 section 1203.4 was amended to prohibit expungement for convictions of violating section 288. (Stats. 1997, ch. 61, § 1.)

Acuna made a motion to have his conviction expunged in February of 1999. The trial court denied the motion based on the 1997 amendment to section 1203.4.

## DISCUSSION

## I

Acuna contends the application of the amended statute to his case violates the constitutional ban on ex post facto laws.

Both the federal and California Constitutions contain provisions prohibiting ex post facto laws. (U.S. Const., art. I, § 10; Cal. Const., art. I, § 9.) Included within the ex post facto prohibition is any law that retroactively increases the punishment for a criminal act. (*Collins v. Youngblood* (1990) 497 U.S. 37, 43 [110 S.Ct. 2715, 2719, 111 L.Ed.2d 30, 39].) The ex post facto clause does not prohibit all increased burdens; it only prohibits more burdensome punishment. (*People v. McVickers* (1992) 4 Cal.4th 81, 84 [13 Cal.Rptr.2d 850, 840 P.2d 955].) The question here is whether eliminating the possibility for expungement of a conviction for violating section 288 constitutes a punishment.

In *People v. Castellanos* (1999) 21 Cal.4th 785, 795 [88 Cal.Rptr.2d 346, 982 P.2d 211], our Supreme Court stated the test for a punishment for the purposes of the ex post facto clause. The test is, "whether the Legislature intended the provision to constitute punishment and, if not, whether the provision is so punitive in nature or effect that it must be found to constitute punishment despite the Legislature's contrary intent. [Fn. omitted.]"

In *Castellanos* the question was whether section 290, requiring sex offenders to register with the police, could be retroactively applied. The court stated that the purpose of the sex offender registration statute was to ensure that persons convicted of the crimes listed in the statute are readily available for police surveillance. This is because our Legislature has deemed them likely to commit similar offenses in the future. (*People v. Castellanos, supra,* 21 Cal.4th at p. 796.) The court concluded that the statute did not constitute punishment and that its retroactive application did not violate the ex post facto clause.

The purpose of the provision prohibiting those convicted of violating section 288 from having their convictions expunged is similar to the

purpose of the sex offender registration statute. Police surveillance and public awareness are complementary. Thus, for example, our Legislature added section 290.4 in 1994. (Stats. 1994, ch. 867, § 4.) This section requires public officials to disclose information about registered sex offenders, including criminal history, to members of the public who inquire. The ban on expungement of convictions under section 288 is consistent with the policy of public disclosure. Our Legislature has determined that public safety is enhanced if those having been convicted of child molestation are not able to truthfully represent that they have no such conviction. The intent of the Legislature in prohibiting expungement is not punishment but public safety.

Nor is the nature and effect of such a provision so punitive that it must be considered punishment. Expungement would not relieve Acuna of the duty to register as a sex offender. (§ 290.1.) Nor would it prevent the use of the conviction as a prior conviction. (§ 1203.4, subd. (a).) He would still have to disclose the conviction in applying for a professional license (see *Krain v. Medical Board* (1999) 71 Cal.App.4th 1416, 1420-1423 [84 Cal.Rptr.2d 586]), or in an application for a public office (§ 1203.4, subd. (a)). Nor would Acuna be able to own or possess a firearm capable of being concealed. (§ 1203.4, subd. (a).)

There is no doubt that being unable to expunge Acuna's conviction places some burden on him. He cannot truthfully represent to friends, acquaintances and private sector employers that he has no conviction. But such a representation from a person convicted of molesting a child might give the public a false sense of security. It is this false sense of security the statute seeks to eliminate. As in *Castellanos*, the statute here is no more onerous than is necessary to achieve its purpose. (*People v. Castellanos*, *supra*, 21 Cal.4th at p. 796.)

The provision preventing expungement is not punitive in intent, nature or effect. The ex post facto clause does not bar its application to Acuna.

## II

██ Acuna contends the ban on expungement of his conviction violates his constitutional right to equal protection of the law. (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7, subd. (a).) He points out that persons convicted of other heinous crimes, such as murder, mayhem and rape, can still obtain the benefit of expungement.

A meritorious claim under the equal protection clause requires a showing that the state has adopted a classification that affects two or more *similarly*

*situated* groups in an unequal manner. (*In re Eric J.* (1979) 25 Cal.3d 522, 530 [159 Cal.Rptr. 317, 601 P.2d 549].) The state may make distinctions between different groups of persons so long as the classifications created bear a rational relationship to a legitimate public purpose. (*People v. Thompson* (1988) 205 Cal.App.3d 871, 881 [252 Cal.Rptr. 698].) Both the high rate of recidivism for child molesters and the particular interest society has in protecting its children justify the treatment of those convicted of violating section 288 in a manner different from those who have been convicted of other heinous crimes including other kinds of sex offenses. The statutory ban on expungement of Acuna's conviction does not violate equal protection.

## III

Acuna contends the ban on the expungement of his conviction violates due process. He cites *Keeler v. Superior Court* (1970) 2 Cal.3d 619, 633-634 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420] for the proposition that, "The first essential of due process is fair warning of the act which is made punishable as a crime. '. . . All are entitled to be informed as to what the State commands or forbids.' [Citation.]"

But Acuna had fair warning that a lewd act on a child was a violation of section 288 at the time he committed the crime. He also had fair warning of what the punishment would be. That is all due process requires. As we have explained, the ban on expungement of Acuna's conviction is not punishment. Due process does not require that Acuna have fair warning of every possible consequence of his conviction.

## IV

Acuna contends application of the amended statute to him violates section 3. Section 3 provides that, "No part of [the Penal Code] is retroactive, unless expressly so declared."

But the case does not involve a retroactive application of the statute. The statute was amended in July of 1997 to exclude convictions for violating section 288. (Stats. 1997, ch. 61, § 1.) Because the legislation was not an emergency measure, it became effective on January 1, 1998. (Cal. Const., art. IV, § 8, subd. (c), par. (1).)

We are not concerned here with the application of the amended statute to a petition filed or decided prior to the effective date of the amendment. Because the petition was decided under the law as it existed at the time it was filed, there was no retroactive application of the amended statute.

## V

Acuna contends the application of the amended statute to his case deprived him of the benefit of his plea bargain.

Acuna points to no express provision in his plea bargain that mentions expungement. He cites *Sharpe v. Arabian American Oil Co.* (1952) 111 Cal.App.2d 99, 102 [244 P.2d 83] for the proposition that a missing portion of an agreement will be implied where the missing portion was "so clearly a part of [the parties'] understanding that the agreement would be unworkable without it . . . ." But expungement was neither clearly part of the parties' understanding nor was the agreement unworkable without it. Even without expungement Acuna received a substantial benefit from his plea bargain by avoiding a prison sentence. Acuna also asserts that if he had known he could not obtain expungement, he would have not have agreed to plead guilty. He points to nothing in the record to support the assertion. Such unsupported speculation is not a ground for reversal.

The judgment (order) is affirmed.

Yegan, J., and Coffee, J., concurred.