Filed 2/2/16  Alcantar v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| DANIEL ANSELMO ALCANTAR, | |
| Petitioner, | E063610 |
| v. | (Super.Ct.No. INF1302668) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Charles Everett Stafford, Jr., Judge.  Petition is granted.

Steven L. Harmon, Public Defender, and William A. Meronek, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Michael. A. Hestrin, District Attorney, and Emily R. Hanks, Deputy District Attorney, for Real Party in Interest.

1

STATEMENT OF FACTS

In 2014, petitioner Daniel Anselmo Alcantar was incarcerated in a California corrections facility. He was charged with both possession of a controlled substance and bringing or possessing controlled substances in prison. (Health & Saf. Code, § 11377; Pen. Code, § 4573.)[1]

By plea bargain, Alcantar entered a plea of guilty to the Health and Safety Code violation, admitted having suffered a prior strike (§ 667, subds. (b)-(i)) and agreed to the middle term of two years, doubled to four under the Three Strikes law. The prior prison term allegations under section 667.5 were dismissed.

Later in the year, the electorate enacted Proposition 47, which included section 1170.18. In brief, that statute notes that the enacted proposition reduced specified offenses to misdemeanors, and provides that persons "serving a sentence for a conviction, *whether by trial or plea . . .*" (italics added) which was a felony at the time of the conviction, but which is now a misdemeanor, may apply for resentencing as misdemeanants. If the person meets the qualifications set out in the statute, resentencing is the presumptive result.[2]

---

[1] All subsequent statutory references are to the Penal Code unless otherwise specified.

[2] The relevant text of the statute is "(a) A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ("this act") had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or

*[footnote continued on next page]*

Alcantar therefore filed a petition for recall and resentencing, as his conviction for violating Health and Safety Code section 11377 is covered by section 1170.18. The People objected, arguing that to sentence Alcantar as a misdemeanant would deprive the People of their part of the bargain, and also pointing out that the alternative charge under Penal Code section 4573 would *not* have entitled Alcantar to be resentenced if his plea had been taken to that charge.

After argument on both sides, during which several possible approaches to the problem were discussed, the trial court reached a conclusion which is not entirely clear from the transcript of the hearing. It appears, however, that the trial court declined to resentence petitioner, and that petitioner's options would be either to serve out his term as a felony (that is, withdraw his application under section 1170.12) or, if he asserted a right to resentencing, the People would be entitled to reinstate all charges and the matter would essentially go back to square one.

---

*[footnote continued from previous page]*
Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act. [¶] (b) Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a). If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."

Petitioner accordingly sought review from this court. We will grant his petition and direct the trial court to resentence him.**3**

DISCUSSION

Much of the heavy lifting has been done by the First District in a case certified for publication only two days before the hearing in this matter, and to that extent it only remains for us to decide if we agree with the decision. We do.

In *T.W. v. Superior Court* (2015) 236 Cal.App.4th 646 (*T.W.*) a minor who had been charged with both robbery (§ 211) and receiving stolen property (§ 496) admitted the latter offense and the robbery allegation was dismissed. (*T.W.*, at p. 649.) The minor later moved for modification under Proposition 47 and the trial court denied the request. The Court of Appeal had no difficulty in concluding that the minor qualified under the plain language of section 1170.18. After citing to the general rules on statutory construction (see *People v. Briceno* (2004) 34 Cal.4th 451, 459) the court commented that "section 1170.18 clearly and unambiguously states, 'A person currently serving a sentence for a conviction, *whether by trial or plea*' of eligible felonies may petition for resentencing to a misdemeanor." (*T.W.*, at p. 652.) As receiving stolen property had been reclassified under Proposition 47, the minor was eligible.

---

**3** We are aware of the recent decision by Division 5 of the Second District in *Harris v. Superior Court* (2015) 242 Cal.App.4th 244, petition for review pending, S231489, filed December 28, 2015, in which that court concluded that a defendant who seeks resentencing under section 1170.18 repudiates the plea bargain, entitling the People to reinstate all charges. Because a petition for review is pending at this time, we do not discuss the decision in detail other than to note our disagreement.

4

The court in *T.W.* referred to the intent behind the adoption of Proposition 47 to reduce penalties for nonserious property and drug offenses and to free up prison space for serious offenders.  With respect to the argument made by the People here, that the result deprives the People of the benefit of the bargain, the court merely noted in a footnote that parties to a plea bargain must accept that the bargain may be affected by future changes in the law.  (*Doe v. Harris* (2013) 57 Cal.4th 64, 66.)[4]

We agree with the court that decided *T.W.* that the language of section 1170.18 is clear and controls the result.  The drafters obviously understood that convictions may result from a contested jury trial *or* from a negotiated plea, and chose to make no distinction between the two for the purposes of eligibility where the conviction entered was for an offense now constituting a misdemeanor.  The trial court's apparent effort to craft a remedy acknowledging the People's grievance was imaginative and not unreasonable.  However, it was also unauthorized by statute and constituted an improper judicial alteration of the statutory scheme.

---

[4] Usually, of course, this rule is applied to the detriment of the *defendant*.  In *Doe v. Harris*, for example, changes in the law subsequent to his plea made the defendant's obligations under sex offender registration more onerous and/or invasive.  In *People v. Gipson* (2004) 117 Cal.App.4th 1065, 1068 the defendant's plea subjected him to increased penalties as a "strike" offender due to subsequent legislation.  And in *In re Lowe* (2005) 130 Cal.App.4th 1405, 1425, to give one further example, the Governor's new power to review grants of parole under section 3041.2 was held to apply to an inmate who had entered a plea of guilty before that section was enacted.

As the cases cited by the People demonstrate, this unsympathetic approach is sometimes abandoned when it is the *People* that are left holding the bag after a change in the law.  However, our decision is not governed by any sense of "sauce for the goose is sauce for the gander," but by the language of the statute before us.

The People point out that other courts have sometimes authorized reinstatement of proceedings at square one when subsequent decisions or legislation resulted in the evisceration of a plea bargain. They rely first on *People v. Collins* (1978) 21 Cal.3d 208 (*Collins*), in which the defendant, charged with multiple offenses, pleaded guilty to oral copulation under the then-effective version of Penal Code section 288a. Prior to sentencing, however, that statute was repealed and re-enacted, with the new statute prohibiting only forcible oral copulation. The holding of the court was that the sentence was improper because by the time sentence was imposed, defendant's conduct was not a crime. However, defendant was not entitled to escape all penal vulnerability because the People's consent to the bargain was premised on the potential of incarceration. Accordingly, the People were entitled to reinstate all charges with the proviso that his potential sentence could not exceed that previously imposed.[5] (*Collins*, at pp. 215-216.)

The People also cite *In re Blessing* (1982) 129 Cal.App.3d 1026, in which an agreed sentence, as it turned out due to subsequent judicial decisions, was illegally computed. Following *Collins*, the court held that (1) petitioner could not be sentenced to more than the agreed term, (2) the People could elect to reinstate charges so that the agreed term could, in theory, be legally reached if the appropriate convictions were

---

[5] At oral argument, petitioner argued that there is no question of an unfair unilateral change in the parties' bargain, construed as a contract, because the prosecution, legally identified as "the People," is the same legal entity as the people of the electorate who determined to reclassify petitioner's offense and therefore cannot complain of the changes. While there is some intellectual appeal to this argument, it does not help to distinguish this case from *Collins*, in which the Legislature—the elected representatives of the electorate—determined to decriminalize the defendant's conduct.

entered, and (3) if the People did not elect to reinstate charges, the illegal four years would simply be lopped off defendant's term.

However, neither of these cases involved a new statutory procedure broadly applicable to defendants but which does not include exceptions or alternatives.

In our view the distinction between *T.W.*, *People v. Berry* (2015) 235 Cal.App.4th 1417, 1426-1428, review denied July 22, 2015, this case, and the cases cited by the People is that the statutes involved in the cases on which we rely, and this case, specifically provide that the ameliorative provisions apply to convictions suffered by plea. We cannot assume that the drafters and the electorate were ignorant of the fact that convictions suffered by plea often involve negotiation, compromise, and the dismissal of charges.[6] We therefore must assume that the lack of a remedy such as that fashioned in *Collins* was intentional.[7]

---

[6] In some cases a plea may foreclose the filing of additional charges or allegations if the People, as part of the bargain, agree not to do so.

[7] The result in *T.W.* and this case is also consistent with *People v. Berry, supra*, 235 Cal.App.4th at pp. 1426-1428, which involved a "third strike" defendant seeking resentencing under section 1170.126. Analogous to this case, the defendant had been charged with offenses and allegations which would have made him ineligible for resentencing, but his plea was only to an offense which made him eligible. The court in *Berry* refused to allow the trial court to go beyond the current conviction and examine the entire record for evidence of disqualification. The court adhered strictly to the language of the statute, which allowed "third strikers" to be resentenced as "second strikers" if their current sentence would have been eligible for the more lenient provisions of Proposition 36 had they been originally sentenced after the adoption of that initiative. That enactment, of course, reserved indeterminate life sentences for "third strikers" whose *current* offense falls into one of several specified more serious categories. The *Berry* court holds that if the current conviction is for an eligible offense, then the defendant is eligible. Period.

The People then rely on *People v. Arata* (2007) 151 Cal.App.4th 778 (*Arata*) to support the claim that for Alcantar to serve a prison term as a felon was in fact an element of the agreement. This reliance is misplaced. In *Arata,* the defendant was arguably affected by a change to Penal Code section 1203.4 enacted subsequent to his plea, which made him ineligible to seek to have his case dismissed once he successfully completed probation. The court held that the new statute could not be applied to him because, under the specific circumstances of the case, it appeared that the possibility of expungement and dismissal was factually a motivation for the defendant's plea. (*Arata*, at p. 787.) We note that in *Doe v. Harris*, *supra*, 57 Cal.4th at p. 73 the court noted *Arata*, distinguished it, and declined to comment on it.[8]

Furthermore, the argument once again proves too much. The People could *always* argue that defendant's submission to a felony conviction and prison term was an implicit term of the bargain.[9] It might even often be true, at least to the extent that the People assumed this would be the result. But to allow the People to reinstate charges as a remedy for this implicit "breach of the bargain" would, again, eviscerate section 1170.18.

---

[8] Instead, in *Doe v. Harris* the court cited with approval a case very similar to *Arata*, *People v. Acuna* (2000) 77 Cal.App.4th 1056, 1062, in which the court found that the defendant was not entitled to relief because the availability of expungement was not made expressly a part of the bargain.

[9] Of course if the People had known that Proposition 47 was looming, they might have insisted that defendant expressly waive any rights which might attach under that initiative. We do not decide the effect of such a waiver.

The only defendants who could take advantage of the statute would be those as to whom no other charges had been filed *or* were potentially available for filing.

The mandate of Proposition 47 is straightforward: to resentence those who suffered relatively minor felony convictions as misdemeanants with the effect of reducing their sentences. The voters made no provision for redress of any case of "unfairness" to the People. For the courts to modify the enactment by creating classes of defendants not entitled to the full benefit of the statute would be improper.[10] Furthermore, we would hesitate to find that the electorate contemplated the return of potentially thousands of cases to the overburdened trial courts for further proceedings.

Finally, the People make two arguments which may be very briefly considered and rejected. First, they cast their basic argument in the light that by seeking resentencing, defendant himself has breached the plea bargain. But where the electorate has offered a benefit for which defendant qualifies, he cannot be charged with any breach for seeking it. It was not an implicit term of the bargain that he not pursue any relief for which he later became eligible, and it certainly was not an express term.

The People then claim that defendant failed to carry his burden of showing eligibility. They argue that defendant must prove that his actual conduct in the matter constituted only a misdemeanor. We agree that the defendant would bear the burden of showing eligibility, but the statute requires only that the defendant have been convicted

---

[10] Nothing in this opinion should be taken as an affirmative endorsement of the wisdom of Proposition 47 as written.

9

of a qualifying offense.  The People's contention, in fact, borders on the absurd.  They apparently contemplate mini-trials in every matter brought under section 1170.18, with witnesses and evidence brought forth in an effort to prove that, for example, the defendant "only" possessed contraband, and did not possess it for sale, or transport it, or furnish it to a minor, etc.  (See, e.g., Health & Saf. Code, §§ 11378, 11379, 11380.)  Similarly, a person convicted of petty theft under section 666—a reducible offense—would have to prove that he or she did not actually commit a burglary, or a robbery, or grand theft—indeed, the list of felonies which might be related to a theft is almost endless.  This view is not only unsupported by the simple language of the statute, but utterly unworkable.[11]

In summary, we follow *T.W.*  Alcantar was convicted of an offense which is eligible for reclassification and resentencing.  He was not convicted of any ineligible offense.  The People must accept the will of the electorate.

## DISPOSITION

The petition for writ of mandate is granted.  Let a peremptory writ of mandate issue directing the Superior Court of Riverside County to vacate its order insofar as it authorizes the refiling of charges, to find defendant eligible under subdivision (b) of

---

[11] We do not read the People's argument as suggesting that a defendant must prove that he did not commit any form of non-eligible conduct at any time roughly connected to the conviction offense, but, in fact, the limits of the People's position are not clear.

10

section 1170.18, and to proceed to the issue of whether defendant poses an "unreasonable risk of danger to public safety."

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.

The previously ordered stay is lifted.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

We concur:


RAMIREZ
P. J.


MILLER
J.

11