Filed 6/6/16  P. v. Sudberry CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064577 |
| v. | (Super.Ct.Nos. SCR45935 & FVA7611) |
| EDWARD LAWRENCE SUDBERRY, | |
| Defendant and Appellant. | OPINION |

APPEAL from the Superior Court of San Bernardino County.  Elia V. Pirozzi, Judge.  Affirmed.

Robert Salisbury, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Arlene A. Sevidal and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Edward Lawrence Sudberry appeals from the denial of his petition to have his conviction for committing a lewd act upon a child under age 14 (Pen. Code,[1] § 288, subd (a)) expunged. We affirm.

<u>PROCEDURAL BACKGROUND</u>

In 1987, defendant pled guilty to one count of committing a lewd act upon a child under age 14. (§ 288, subd. (a).) He was ordered to serve 270 days in county jail, followed by a period of five years of formal probation. At the time of defendant's plea and sentencing, section 1203.4 allowed him to apply to the court, after his probation ended, to have his conviction expunged. In 1997, section 1203.4 was amended to prohibit expungement for convictions of section 288. (*People v. Acuna* (2000) 77 Cal.App.4th 1056, 1059 (*Acuna*).)

On August 14, 2015, defendant filed a petition to have his conviction expunged, pursuant to section 1203.4. The prosecution filed an opposition, stating that defendant was not entitled to relief, since his crime was not eligible under section 1203.4, subdivision (b). The trial court denied the petition.

On September 14, 2015, defendant filed a notice of appeal, based on the denial of the section 1203.4 petition.

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

2

ANALYSIS

The Application of the Amended Statute Was Not Unconstitutional

Defendant contends that the 1997 and 2000 amendments to section 1203.4 violate due process and equal protection principles and that they constitute cruel and unusual punishment. In his reply brief, he adds that the amendments violate the constitutional ban on ex post facto laws. Defendant argues that the application of the amended statute to his case violates these constitutional principles, and he requests this court to strike these amendments to section 1203.4 as unconstitutional. At the outset, we note that only the 1997 amendment is relevant to his claims.[2] We conclude that defendant's claims are meritless.

Section 1203.4, subdivision (a), provides in part: "In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, . . . the defendant shall, at any time after the termination of . . . probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty . . . and enter a plea of not guilty; . . . the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense . . . ."

_____

[2] The 2000 amendment added to the list of prohibited expungements "any felony conviction pursuant to subdivision (d) of Section 261.5." (§ 1203.4, subd. (b).) However, defendant's conviction is for a violation of section 288, subdivision (a).

3

In 1997, the Legislature amended section 1203.4 to make relief unavailable to those convicted of certain sex offenses, including a violation of section 288. (§ 1203.4, subd. (b); *People v. Arata* (2007) 151 Cal.App.4th 778, 783 (*Arata*).) Thus, section 1203.4, subdivision (b), now provides that "[s]ubdivision (a) of this section does not apply . . . to any violation of . . . Section 288 . . . ." This 1997 amendment (the amendment) applies retroactively to those convicted before the date of enactment. (*Arata*, at pp. 784-786.)

Defendant's claims regarding the constitutionality of the amendment to section 1203.4 were rejected in *Acuna*, *supra*, 77 Cal.App.4th at page 1058. In *Acuna*, like here, the defendant pled guilty to violating section 288, subdivision (a), before the 1997 amendment to section 1203.4. (*Acuna*, at p. 1058.) In 1999, the defendant moved for relief pursuant to that statute. (*Id*. at p. 1059.) The trial court denied the petition, based on the amendment. (*Ibid*.) The appellate court upheld the denial of section 1203.4 relief. (*Id*. at p. 1058.) In doing so, it concluded that application of the amendment did not violate the ban on ex post facto laws, since the intent of the Legislature in denying the relief was not punishment, but rather public safety. (*Id*. at p. 1060.)

Furthermore, the defendant in *Acuna* contended that the amendment to section 1203.4 violated due process. However, the court stated that the defendant "had fair warning that a lewd act on a child was a violation of section 288 at the time he committed the crime. He also had fair warning of what the punishment would be." (*Acuna*, *supra*, 77 Cal.App.4th at p. 1061.) The court made the following conclusion: "That is all due

4

process requires.  As we have explained, the ban on expungement of [the defendant's] conviction is not punishment.  Due process does not require that [the defendant] have fair warning of every possible consequence of his conviction."  (*Ibid*.)

Pursuant to *Acuna*, we conclude that the amendment to section 1203.4 does not violate the ex post facto clause or due process.  (*Acuna*, *supra*, 77 Cal.App.4th at pp. 1059-1061.)  "The provision preventing expungement is not punitive in intent, nature or effect."  (*Id*. at p. 1060.)  Thus, the ex post facto clause does not bar its application to defendant.  (*Ibid*.)  Furthermore, defendant "had fair warning that a lewd act on a child was a violation of section 288 at the time he committed the crime.  He also had fair warning of what the punishment would be."  (*Id*. at p. 1061.)  Therefore, there was no due process violation.

We further reject defendant's claim that the amendment to section 1203.4 violates equal protection.  "A meritorious claim under the equal protection clause requires a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner."  (*Acuna*, *supra*, 77 Cal.App.4th at pp. 1060-1061.)  "This initial inquiry is not whether persons are similarly situated for all purposes, but 'whether they are similarly situated for purposes of the law challenged.'"  (*Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253.)  Defendant argues that the amendment to section 1203.4 violates equal protection because "a person with a similar case who was convicted some 30 years ago, who petitioned prior to the amendment[] was able to get relief."  However, a person convicted of the same crime who petitioned after the

5

amendment cannot get relief. He asserts that, had he submitted his petition prior to the amendment, he "would most likely have gotten his petition granted." Defendant's equal protection challenge fails because he has not shown that the amendment affects two similarly situated groups in an unequal manner. People who filed petitions prior to 1997 were not subject to the 1997 amendment; thus, they are not similarly situated to people who file petitions now (i.e., post-1997). Defendant could have sought relief prior to the amendment since he was convicted in 1987, but he apparently failed to do so. In any event, the 1997 amendment to section 1203.4 does not violate defendant's right to equal protection.

We note defendant's additional claim that denying relief to a person who committed the proscribed offense before the 1997 amendment constitutes cruel and unusual punishment. He simply asserts the following, with no accompanying argument: "In our view, this is cruel and unusual punishment under the 8th amendment of the United States Constitution." We need not address this claim. "'[E]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration.'" (*People v. Stanley* (1995) 10 Cal.4th 764, 793.) Moreover, as discussed *ante*, prohibiting the expungement of convictions under section 288, subdivision (a), is not considered punishment. (*Acuna*, *supra*, 77 Cal.App.4th at p. 1060 ["The provision preventing expungement is not punitive in intent, nature or effect."].)

In sum, defendant has failed to show that the denial of his section 1203.4 petition violated his constitutional rights.  Therefore, we deny his request to strike the 1997 amendment from the Penal Code as unconstitutional.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST _____
J.

We concur:

RAMIREZ _____
P. J.

SLOUGH _____
J.