Filed 9/30/16  P. v. Guadagnino CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C080743 |
| Plaintiff and Respondent, | (Super. Ct. No. 09F02960) |
| v. | |
| JOHN GUADAGNINO, | |
| Defendant and Appellant. | |

In 2009 defendant John Guadagnino was convicted of felony possession of child pornography (Pen. Code, § 311.11, subd. (a))[1] and placed on five years of formal probation.  In 2015, after completing his term of probation, he sought to dismiss his felony conviction pursuant to section 1203.4.  The court denied him relief on the ground

---

[1] Undesignated statutory references are to the Penal Code.

1

that section 1203.4, subdivision (b), enacted after his conviction, makes relief unavailable to persons convicted of a violation of section 311.11.

On appeal, defendant claims the trial court erred. He argues that (1) the provisions of section 1203.4, subdivision (b) do not apply to convictions entered before its effective date, and (2) even if the subdivision otherwise applied, it cannot apply in his case because the opportunity to seek relief under section 1203.4 was a term of his plea bargain. He asks that we reverse the court's order and enter a new order granting him relief under section 1203.4. Finding no error, we will affirm the judgment (order).

## FACTUAL AND PROCEDURAL BACKGROUND

On December 3, 2008, agents from the Sacramento County Sheriff's Department executed a search warrant at defendant's home and found a large cache of videos and images depicting adult and child pornography.

Defendant was charged by criminal complaint with possession and distribution of child pornography (§ 311.1, subd. (a)—count one) and possession of matter depicting a person under the age of 18 years personally engaging in or simulating sexual conduct (§ 311.11, subd. (a)—count two).

Defendant entered a plea of no contest to count two in exchange for dismissal of the remaining charge and a sentencing lid of 16 months in state prison. The factual basis for the plea was as follows: On September 25, 2008, and December 3, 2008, defendant "willingly, knowingly and unlawfully possess[ed] approximately 8,000 images and 200 videos including individuals under the age of 18 years old engaging [in] or simulating sexual conduct."

At the July 23, 2009, sentencing hearing, the trial court suspended imposition of sentence and placed defendant on five years of formal probation subject to specified terms and conditions, including that defendant serve 365 days in county jail with two days' credit for time served.

2

On May 12, 2015, after completing his term of probation, defendant filed a motion to reduce his felony conviction to a misdemeanor pursuant to section 17, subdivision (b)(3) (hereafter section 17(b)), and to dismiss his conviction pursuant to section 1203.4. The probation department filed a memorandum recommending that the court deny defendant's section 17(b) motion but grant his section 1203.4 motion.

Following a hearing on August 12, 2015, the trial court denied defendant's section 17(b) motion on the grounds that "the size of the [d]efendant's collection and the nature of his acquisition of child pornography was such as did not even come close to depicting misdemeanor conduct . . . ." The court requested supplemental briefing regarding whether the January 1, 2014, amendment to section 1203.4 excluding certain crimes, including section 311.11, from dismissal was retroactive and thus applicable to defendant.

Defendant's supplemental brief argued the 2014 amendment to section 1203.4 was neither expressly nor judicially determined to be retroactive and thus did not retroactively apply to his 2009 conviction. Defendant further argued that, even assuming retroactivity, he still qualified for relief because he "entered his plea and completed all conditions of probation in detrimental reliance on the implicit promise and expectation that if he successfully completed probation, he would thereafter qualify for relief under section 1203.4," as set forth in his declaration in support of the motion. Defendant's declaration included the following attestation: "At the time of negotiating my plea and when granted probation, I was informed by my attorney and the paperwork from the court, that I could later apply for relief under Penal Code section 1203.4, and, pursuant to Penal Code sections 4852.01 *et seq.*, for a certificate of rehabilitation, which would end my duty to register."

The prosecution's supplemental brief, entitled "Opposition to Defendant's Petition to Dismiss Per PC § 1203.4," conceded the 2014 amendment to section 1203.4 is silent as to whether the Legislature intended retroactive application and concluded "the

3

Legislature did not intend retroactive application, but rather prospective application." In that regard, the prosecution argued the date of defendant's motion for relief, not the date he entered his plea, determines whether the amended version of section 1203.4 applies. As such, because defendant did not successfully complete all conditions of probation and petition for relief until *after* January 1, 2014, the amended statute excluded him from relief under section 1203.4. The prosecution further argued defendant's plea agreement was not premised on section 1203.4 relief and there was no evidence of detrimental reliance thereon.

On October 19, 2015, at the continued hearing on defendant's section 1203.4 motion, defendant noted the prosecution's concession that the 2014 amendment was not retroactive and argued the amended statute was thus not applicable to him. Defendant also argued it was his understanding that, as a condition of his plea agreement, he would be allowed to seek relief under section 1203.4, as reflected in his declaration in support of his motion and the court's sentencing minute order. The court noted the prosecution recommended a sentencing lid of 16 months in state prison, and there was "nothing explicit in the record" that defendant would receive a grant of probation, nor did the transcript of the plea hearing make any reference to "any understanding that [defendant] would receive a probationary sentence, and that as a consequence of that, he would avail himself of a--[section] 1203.4 relief." Characterizing defendant's declaration as "pretty self-serving," the court took issue with defendant's representation that the reason he completed probation "was because he would be granted this relief if he did so," noting "one additional motivating factor was to avoid a state prison sentence, which could have been imposed thereafter had he violated the terms and conditions of probation." The court denied defendant's section 1203.4 petition "for the reasons stated in a written order that I will file and will be made a part of the record of today's hearing."

The court's October 19, 2015, written order denying defendant's motion for section 1203.4 relief notes that defendant's plea "was the product of an agreement with

4

the People of a low-term 16-month state prison lid"; defendant was advised he could possibly be placed on probation; defendant confirmed no other promises had been made to cause him to enter his plea; when defendant was placed on probation, there was no mention of an opportunity to apply for relief via section 1203.4; and section 1203.4 relief was not made a term of the plea agreement. The court took issue with defendant's representation that, at the time he negotiated his plea, he "was informed by his attorney and the paperwork from the court," that he could later apply for section 1203.4 relief, finding the record at the time of the plea revealed the parties "contemplated a state prison sentence for which no [section] 1203.4 relief would have been available," and "defendant agreed[] to plead to the charge knowing that he was facing a state prison sentence."

With regard to the issue of retroactivity of statutory amendments made after entry of the plea, the court's order identified the general rule in California that a plea agreement is deemed to incorporate and contemplate such amendments unless the parties "affirmatively agree or implicitly understand the consequences of a plea will remain fixed despite amendments to the relevant law." (*Doe v. Harris* (2013) 57 Cal.4th 64, 65-66, 71 (*Harris*).) Following a discussion of *People v. Acuna* (2000) 77 Cal.App.4th 1056 (*Acuna*) and *People v. Arata* (2007) 151 Cal.App.4th 778 (*Arata*), two cases addressed in *Harris*, the trial court concluded *Harris*, *Acuna*, and *Arata*, taken together, "establish that the Legislature intended the 1997 amendment to . . . section 1203.4 to apply retroactively," and "[s]uch an application of the law is not an ex post facto violation." The court further concluded there was no evidence in the record of an express or implied term in defendant's plea agreement insulating defendant from application of changes in the law and, "[a]t the time he believed he became eligible [for relief], the change in the law no longer provided him with the opportunity to apply for [section] 1203.4 relief."

Defendant filed a timely notice of appeal.

5

Defendant contends the trial court's denial of his section 1203.4 motion was error because the 2014 amendment to section 1203.4 was not made retroactive by the Legislature and therefore does not apply to bar him relief under that statute. The claim lacks merit.

As relevant here, section 1203.4, subdivision (a)(1) provides that, "[i]n any case in which a defendant has fulfilled the conditions of probation for the entire period of probation . . . the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty . . . and . . . the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted . . . ."

In 2013, the Legislature amended section 1203.4 to make relief under that section unavailable to those convicted of certain sex offenses, including a violation of section 311.11. (Stats. 2013, ch. 143, § 2, effective January 1, 2014.) Section 1203.4, subdivision (b) now provides that subdivision (a) "does not apply to . . . any violation of . . . [s]ection . . . 311.11 . . . ."

Defendant claims that because it is undisputed that he successfully completed probation and therefore qualifies for mandatory relief, the sole issue before us is whether he is subject to the version of section 1203.4 in effect at the time he entered his plea as he claims, or the amended version in effect at the time he filed his petition (motion) for relief as the People claim.

Case law dictates that, under these facts, defendant is subject to application of "the law as it existed at the time" he filed his petition for relief. (*Acuna, supra,*

6

77 Cal.App.4th at p. 1061.) In *Acuna*, the appellate court upheld denial of section 1203.4 relief to the defendant who pleaded guilty to violating section 288 prior to the 1997 amendment to section 1203.4. There, the court found application of the amendment did not violate the ban on ex post facto laws because the intent of the Legislature in denying the relief was not to impose punishment, but to enhance public safety. (*Id.* at p. 1060.) The *Acuna* court also rejected the contention that application of the amended statute denied the defendant the benefit of his plea bargain, because it found expungement was not an express provision of his plea bargain and the agreement was workable without it. (*Id.* at p. 1062.)

Here, as in *Acuna*, defendant was not denied the benefit of his plea bargain because dismissal was not an express provision of his plea agreement. As the trial court repeatedly and aptly noted, the parties contemplated that defendant would plead no contest in exchange for a "stipulated low term lid, 16 months," as expressed by defense counsel at the plea hearing. The trial court informed defendant that "[t]he underlying charge carries with it the possibility of your being sentenced to serve 16 months, two years or three years in state prison," adding that the parties stipulated "that at worst your sentence will be 16 months state prison." In addition, the court informed defendant of the possibility he *could* "get probation for up to five years," serve time in state prison if he violated the terms and conditions of that probation, be subject to parole supervision if sentenced to state prison, and be required to serve time in county jail, pay fees and fines, and comply with special conditions if granted probation. Defendant confirmed that no promises had been made to cause him to enter his plea.

Defendant's claim that he entered his no contest plea "with the stipulation that he could be granted probation for up to five years, or could be sent to state prison for sixteen months" is self-serving and not supported by the record. There is nothing in the record in general, or the transcript of the plea hearing in particular, to suggest the parties contemplated that, in exchange for defendant's no contest plea, defendant would receive

7

a grant of probation and avail himself of section 1203.4 relief.  Defendant's post-plea declaration to the contrary does not compel us to find otherwise.  The declaration states, "At the time of negotiating my plea and when granted probation, I was informed by my attorney and the paperwork from the court, that I could later apply for relief under Penal Code section 1203.4 . . . ."  The evidence relevant in discerning what was or was not contemplated by the plea agreement is evidence of what occurred prior to or at the time of entry of the plea, not after entry of the plea.  It is unclear from defendant's declaration whether he became aware of his option to seek section 1203.4 relief when he was negotiating his plea or thereafter when the court placed him on probation.  It is also unclear what defendant meant by "paperwork from the court," as nothing was attached to the declaration in that regard.  In any event, even assuming defendant was informed at the plea hearing that he "could later apply" for section 1203.4 relief, we are not convinced, and the declaration does not state, that defendant entered his no contest plea in reliance on that possibility.

In support of his argument against retroactive application, defendant relies on this court's opinion in *Arata*.  There, the defendant pleaded guilty to violating section 288 with the express understanding that "[t]here would be no State Prison at the outset as a promise."  The trial court placed him on probation for five years.  (*Arata, supra,* 151 Cal.App.4th at p. 781.)  Thereafter, the Legislature amended section 1203.4 to preclude relief "to those convicted of certain sex offenses, including a violation of section 288."  (*Arata,* at p. 783.)  In 2005 the defendant petitioned for section 1203.4 relief, claiming he sought to enforce his plea bargain, he was advised of the promise of section 1203.4 relief before he pleaded guilty, and he relied on that promise.  (*Arata*, at pp. 781-782.)  He submitted two declarations to support his claim:  his own declaration stating that he discussed his plea agreement with his trial counsel and was told that if he completed probation, he would be able to withdraw his plea and have his case dismissed pursuant to section 1203.4; and trial counsel's declaration averring that it was counsel's

habit, custom, and practice to discuss section 1203.4 relief with his clients and that "[t]he advisement of section 1203.4 relief appeared on the probation papers and these would have been discussed with defendant." (*Arata*, at pp. 781-782.) The trial court denied the defendant's motion stating section 1203.4 relief "was precluded due to defendant's section 288 conviction." (*Arata*, at p. 782).

The defendant appealed, claiming retroactive application of the amended version of section 1203.4 violated his plea bargain and his right to due process because "he entered his plea of guilty with the understanding that after successful completion of probation, he would be permitted to withdraw his plea and the court would dismiss the information." (*Arata, supra*, 151 Cal.App.4th at p. 786.) This court agreed. We found that section 1203.4 relief was an implied term of the defendant's plea bargain (*Arata,* at p. 787) and that denial of relief pursuant to that statute was "significant in the context of the entire plea bargain." (*Id*. at p. 788.) We reasoned that, because "defendant's plea rested in a significant degree on the promise of eventual section 1203.4 relief, such promise must be fulfilled," even though the statute no longer offers such relief. (*Arata,* at p. 788.)

The same cannot be said here where, unlike *Arata*, defendant has not established that section 1203.4 relief was either a term of, or contemplated by, his plea bargain. We cannot conclude the plea bargain contained an express provision regarding section 1203.4 relief because there is no written plea agreement in the record. Similarly, we cannot conclude section 1203.4 relief was an implied term of defendant's plea agreement because the only evidence section 1203.4 was ever mentioned lies in defendant's post-plea declaration filed in support of his section 1203.4 motion. As discussed above, the self-serving declaration claims defendant was informed by his attorney and "the paperwork from the court" that he could apply for relief under section 1203.4, but does not make clear that all parties discussed, contemplated, and promised that defendant's plea agreement was premised on a grant of probation after which defendant could apply

9

for section 1203.4 relief upon successful completion of probation, or that defendant relied on that promise in entering his plea.  Further, in contrast to *Arata*, defendant's counsel submitted no declaration corroborating the claims in defendant's declaration or averring that counsel discussed the promise of a grant of probation or subsequent section 1203.4 relief with defendant.

Citing the general rule that "[n]o part of [the Penal Code] is retroactive, unless expressly so declared" (§ 3; *People v. Hayes* (1989) 49 Cal.3d 1260, 1276), defendant contends that, in contrast to the 1997 amendment in *Arata,* the 2014 amendment at issue here is neither retroactive on its face nor has it been judicially construed as such.  He claims that where, as here, there is no indication that the Legislature intended the amended version of section 1203.4 to apply retroactively, that version cannot be applied retroactively to him.

As the People correctly argue, defendant did not become eligible for section 1203.4 relief until he successfully completed probation after the 2014 amendment had already taken effect.  Thus, because his motion "was decided under the law as it existed at the time it was filed, there was no retroactive application of the amended statute." (*Acuna, supra,* 77 Cal.App.4th at p. 1061.)

We also reject defendant's claim that due process and fundamental fairness dictate that he receive relief under the version of section 1203.4 in effect when he entered his plea.  Defendant, quoting *Arata*, again focuses on the day he was granted probation, arguing that by agreeing to grant him probation, " 'the plea bargain implicitly included the promise of section 1203.4 relief as part of probation.' " (*Arata, supra*, 151 Cal.App.4th at p. 787.)  He argues there was no reason to ensure the record included evidence documenting that he was motivated to enter a plea by the promise of eventual relief under section 1203.4 because such relief "was part-and-parcel of any grant of probation . . . ."  Nonetheless, he urges, there was indeed evidence that section 1203.4 relief was a significant inducement for his plea.  Again, for reasons already discussed at

10

length above, defendant's argument erroneously relies on the assumption that his negotiated plea was premised on a promised grant of probation, an assumption not borne out by the record.

Finally, defendant contends his claim of relief is supported by *Harris*, which, according to defendant, sets forth a "two-stage analysis" requiring that the trial court first determine whether the Legislature intended the new law to apply retroactively and, if so, then and only then may the court inquire whether section 1203.4 relief was a significant term of defendant's plea bargain.

In *Harris*, the Supreme Court addressed whether " '[u]nder California law of contract interpretation as applicable to the interpretation of plea agreements, does the law in effect at the time of a plea agreement bind the parties or can the terms of a plea agreement be affected by changes in the law?' " (*Harris, supra,* 57 Cal.4th at p. 66.) There, the defendant entered into a plea agreement under which he agreed to plead no contest to one count of committing a lewd and lascivious act on a child under the age of 14 (former § 288, subd. (a)) in exchange for the dismissal of five additional sexual charges. (*Harris,* at p. 66.) The agreement required the defendant to register as a sex offender under former section 290. (*Ibid.*) Although the statute at the time required persons convicted of specified sex offenses, including the offense to which the defendant pleaded, to register and to provide their fingerprints and photographs, such information was not open for public review. (Former § 290, as amended by Stats. 1989, ch. 1407, § 4, pp. 6191-6195.) That changed when the Legislature adopted "Megan's Law" (§ 290.46, added by Stats. 2004, ch. 745, § 1, pp. 5798-5803), which among other things, provided a means for the public to obtain the names, addresses, and photographs of the state's registered sex offenders. (*Harris,* at p. 66.) The law was expressly made retroactive and thus applicable to the defendant's conviction. (*Id.* at p. 67.)

In a subsequent federal lawsuit, the defendant argued his plea bargain contained an implied promise that the privacy protections contained in the law in effect at the time of

11

his plea would govern his future obligations, and the amended law's public notification provisions would violate his plea agreement. (*Harris, supra,* 57 Cal.4th at pp. 67-68.) The Supreme Court disagreed. (*Id.* at pp. 73-74.) The court found that "a plea agreement's reference to a statutory consequence attending a conviction, even when coupled with prosecutorial and judicial silence on the possibility the Legislature might amend the statute, does not give rise to an implied promise that the defendant, by pleading guilty or nolo contendere, will be unaffected by a change in the law." (*Id.* at p. 73.) The court concluded, "the general rule in California is that a plea agreement is ' "deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy. . . ." ' [Citation.] It follows, also as a general rule, that requiring the parties' compliance with changes in the law made retroactive to them does not violate the terms of the plea agreement, nor does the failure of a plea agreement to reference the possibility the law might change translate into an implied promise the defendant will be unaffected by a change in the statutory consequences attending his or her conviction. To that extent, then, the terms of the plea agreement can be affected by changes in the law." (*Id*. at pp. 73-74.)

The rule crafted here by defendant requiring a "two-stage analysis" was not a rule articulated by the *Harris* court. In any event, it is worth repeating that defendant was not eligible to apply for section 1203.4 relief until he successfully completed his term of probation, which did not occur until *after* the 2014 amendment. Because defendant's plea was not predicated on an express or implied promise of a grant of probation or the right to apply for relief under the version of section 1203.4 in effect at the time of entry of the plea, the trial court applied the version of section 1203.4 applicable at the time defendant applied for relief—the amended version of section 1203.4 barring relief for defendant's crime of conviction.

The trial court did not err in denying defendant section 1203.4 relief.

## DISPOSITION

The judgment (order) is affirmed.

                                               _____RAYE_____, P. J.

We concur:

_____BLEASE_____, J.

_____HOCH_____, J.